In the Matter of the Application of the BOARD OF EDUCATION OF
THE CITY OF NEW YORK, Petitioner, for an Order to Review the
Decisions of FRANK P. GRAVES, as Commissioner of Education
of the State of New York, Respondent, Directing the Board of
Education of the City of New York to Reinstate MARY B. C.
BYRNE, Respondent.

Supreme Court, Albany County, November 8, 1940.

*William C. Chanler, Corporation Counsel,* for the petitioner.

*Charles A. Brind, Jr.,* for the respondent Commissioner of Education of the State of New York.

*Austin B. Mandel,* for the respondent Mary B. C. Byrne.

RUSSELL, J. The petitioner has applied to this court for an order under article 78 of the Civil Practice Act directing the Commissioner of Education of the State of New York to file a return of his proceedings in connection with an appeal taken by Mary B. C. Byrne to the Commissioner of Education and for an order reversing and setting aside the determination of the Commissioner of Education whose decision sustained the appeal of Miss Byrne and which decision directed her reinstatement and also denied a reargument to the board of education of the city of New York.

The principal question before the court is whether or not the decision of the Commissioner of Education is arbitrary and capricious. It is a question of law, and, therefore, properly before the court for consideration under article 78 of the Civil Practice Act.

The facts reveal that in October, 1939, Miss Byrne was directed to appear before the medical board of the board of education for a physical examination. She refused to appear, but consented to appear for an examination before the medical board of New York City Teachers' Retirement System. She also consented to be examined by her own physician.

Because of her refusal to appear as directed, charges were preferred against her for incompetency, inefficient service and insubordination. She was tried upon said charges, found guilty and then suspended without pay. It appears that the only basis for the charges above mentioned was her refusal to appear and be examined by the medical board of the board of education. She appealed from said decision of the board of education to the Commissioner of Education of the State of New York, who sustained her appeal and directed her reinstatement.

The Commissioner held in substance that there is no specific statutory power in the board of education to conduct such physical examination; that there is no inherent right in the board of education to conduct such physical examination; that there is no necessarily implied power in the board of education to conduct such an examination and that " even if it were assumed that such examination could be held, it would be futile for the reason that the doctors could not disclose what they found." The last reason given by the Commissioner is mainly the ground upon which the board relies for a holding

by this court that the Commissioner went beyond his power and, therefore, arbitrarily reversed the decision of the board of education.

There are evidently two medical boards connected with the board of education with their own distinct statutory powers. Beyond those powers delegated to them by the Legislature they have no power. The medical inspectors of the board of education, pursuant to section 575 of the Education Law, may examine any teacher " as in their opinion the protection of the health of the pupils and teachers may require," especially with respect to contagious or infectious diseases. In connection with this statutory power it must be kept in mind that this is not the case of a teacher who is suspected of a contagious or infectious disease or who has been absent or one seeking return from a sick leave or an applicant for a license to teach.

The medical board of the teachers' retirement board is clothed with the statutory power to examine teachers who are apparently incapacitated to teach by reason of some physical or mental defect. (Education Law, § 1109-a.) The board of education may request the retirement board to have such an examination conducted by its medical board.

This direction to appear for an examination was made to a permanent teacher. It is contended by the board of education that because of the fact that a teacher might not have served ten years as required by the Teachers' Retirement Law, there exists a gap between the power granted to the medical board of the board of education and to the medical board of the retirement system and that this gap may be filled by a reasonable and proper exercise of discretion on the part of the board of education pursuant to subdivision 8 of section 66 of the by-laws requiring a teacher to appear for an examination at any time for the welfare of the pupils and the welfare of the teacher herself. Reasonable exercise of discretion is an elastic term and might possibly be too broad, expecially if it invaded private rights. However, three years of this ten-year period, called the probationary period, is subject to discontinuance at any time on recommendation of the superintendent of schools and in a city having a board of superintendents on the recommendation of such board by a majority vote of the board of education. (Education Law, § 872.)

Inasmuch as the right to examine is purely statutory, it is clear that the board of medical examiners connected with the board of education and with the teachers' retirement system cannot conduct an examination beyond their delegated powers by the Legislature. The cure, if necessary, is by legislative enactment.

The Commissioner's assumption in his decision to the effect that an examination, even if held, would be futile was not necessary to

the decision of the matter before him. It had nothing to do with the extent of statutory authority conferred upon the medical board of the board of education of New York city. It was an added thought, possibly to strengthen what in my opinion he had already correctly decided.

There is nothing in the Commissioner's decision which could be called either arbitrary or capricious. His decision is, therefore, final. (Education Law, § 890; *Kabatt* v. *Board of Education*, 246 App. Div. 886; appeal dismissed, 271 N. Y. 629.)

The courts have generally concurred in the non-interference with the executive or administrative officers in the performance of their duties where such duties are discretionary in their nature or involve the exercise of judgment, unless such judgment and discretion bear distinct earmarks of either arbitrary, capricious or malicious action. (*Bullock* v. *Cooley*, 225 N. Y. 566, 577, 578; *Matter of Levitch* v. *Board of Education*, 243 id. 373.)

I am, therefore, of the opinion that the application should be denied, the petition dismissed and the decision of the Commissioner of Education confirmed.

Submit order.