In the Matter of the Application of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order under Article 78 of the Civil Practice Act to Review the Decisions of ERNEST E. COLE, as Commissioner of Education of the State of New York, Respondent, Directing the BOARD OF EDUCATION OF THE CITY OF NEW YORK to Reinstate MARY B. C. BYRNE, Respondent.— This is an appeal by the Board of Education of the City of New York from an order of the Albany Special Term of Supreme Court dismissing the proceeding for an order to annul the determination of the State Commissioner of Education on an appeal pursuant to section 890 of the Education Law. Respondent had thirty-three years of teaching service in the city of New York when, in 1939, the appellant Board of Education dismissed her from service. She was directed to report for a physical examination to the Medical Division of the appellant Board of Education. She refused to appear for such examination but offered to consent to physical examination before the Medical Board of the New York City Teachers Retirement System. She also consented to be examined by her own physican. On her refusal to be examined as directed charges of incompetent and inefficient service and insubordination were preferred against the respondent and she was suspended without pay from that date. The only basis for-said charges was the respondent's refusal to submit to a physical examination by the Medical Division

of the appellant Board of Education. After her trial before a committee of the appellant Board of Education, respondent was found guilty of the charges preferred because of her refusal to submit to a physical examination by the Medical Division of the appellant Board of Education. Respondent appealed to the Commissioner of Education of the State of New York from the determination of the appellant Board of Education. An oral argument was had before the Commissioner of Education on behalf of both the teacher and the Board of Education. Decision was rendered by the Commissioner of Education sustaining the appeal and directing the reinstatement of the teacher. The appellant Board of Education instituted a proceeding under article 78 of the Civil Practice Act seeking a reversal of the determination of the Commissioner of Education. The proceeding was dismissed upon the merits. There was absolutely no evidence that this teacher rendered inefficient or incompetent service. She was charged with insubordination which consisted of her refusal to submit to the demand of the Board of Education in regard to being examined physically. The Commissioner found there was no statutory authority which would give the Board of Education power to dismiss a teacher merely because she refused to submit to a physical examination by doctors hired and under the jurisdiction of the Board of Education, with the exception as set up in section 575 of the Education Law. The Commissioner's decision is final and conclusive and not subject to question or review unless it is purely arbitrary. After the Commissioner's decision was made in this case, the appellant Board of Education sought to obtain legislation to accord the Board authority to have its doctors examine all teachers who were on tenure, whether or not they were suspected of having infectious or contagious diseases. The Legislature refused to pass the measure. Order unanimously affirmed, with fifty dollars costs and disbursements to respondent Mary B. C. Byrne against the Board of Education of the City of New York. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.