Walter R. Hart, J.
The letter dated December 17, 1957, addressed to the superintendent of schools, requesting that petitioner “ be examined in accordance with the By-Laws of the Board of Education ” is not a report within the meaning of section 2568 of the Education Law which provides as follows: “ The superintendent of schools of a city having a population of one million or more shall be empowered to require any person employed by the board of education of such city to submit to a medical examination by a physician or school medical inspector of the board, in order to determine the mental or physical capacity of such person to perform his duties, whenever it has been recommended in a report in writing that such examination should be made. Such report to the superintendent may be made only by a person under whose supervision or direction the person recommended for such medical examination is employed. The person required to submit to such medical examination shall be entitled to be accompanied by a physician or other person of his own choice. ’ ’
A ‘ ‘ report ’ ’ envisages more than a mere request and should contain some facts and circumstances upon which the recommendation for the medical examination is predicated. The legislative intent to protect employees of the board of education from needless harassment, while overcoming the effect of the holding in Matter of Board of Educ. of City of N. Y. v. Graves (175 Misc. 205,. affd. 261 App. Div. 1115), clearly indicates that more than a request is required. If it were intended that a simple request were to suffice, the statute could *742 have readily so provided. Under the circumstances, therefore, petitioner was not guilty of insubordination and the action of the superintendent and the associate superintendent of schools in suspending her, was arbitrary. Accordingly, the motion is granted.
Settle order on notice.