James S. Brown, J.
Petitioner in this article 78 (Civ. Prac. Act) proceeding seeks an order (1) directing the Board of Education to furnish her with copies of findings, official reports and medical reports; (2) permitting her or her representative to examine her personnel file; (3) declaring null and void the Board of Education’s meeting of September 25, 1959; (4) nullifying respondent’s resolution adopted October 22, 1959; and *1076 (5) directing the Board of Education to withdraw its request from the Medical Board of the Teachers’ Retirement System for a medical examination of petitioner.
The papers submitted reveal that petitioner, now 58 years of age, was duly licensed and appointed on December 1, 1925 to the position of teacher-clerk; that as such employee, she became a voluntary contributing member of respondent Teachers’ Retirement System pursuant to section B20-20.0 of the Administrative Code of the City of New York; that pursuant to assignment on May 11, 1959, she served and still serves as a school secretary in the In-Service Training Division of the Board of Education at its main office in Brooklyn; that pursuant to written request she appeared for medical examination on May 22, 1959, was examined and thereafter pursuant to written request of the Board of Education’s Medical Director appeared and was again examined on or about June 11,1959 by and at the office of the doctor named in such letter; that she appeared for a hearing on September 25,1959 as requested in the Board of Education’s letter in reference to petitioner’s “ ability to render continuous and efficient service as a teacher in the Public Schools of the City of New York,” pursuant to section 2568 (formerly § 2518) of the Education Law; thereafter she was informed by letter dated October 22,1959 that at a meeting of the Board of Education a resolution was adopted wherein the said board requested the Teachers’ Retirement System to retire petitioner “ because of disability”; that numerous written requests for statements, copies of reports and findings made to the Board of Education by petitioner’s attorney either went unanswered or were refused. The respondent Teachers’ Retirement System, in accordance with the resolution, corresponded with petitioner concerning, inter alia, the method of retirement, etc., covered by section B20-42.0 of chapter 20 of the Administrative Code of the City of New York.
Both respondents contend that the procedure in the petitioner’s case is proper and is the procedure followed in all retirement cases ‘ ‘ in accordance with the interpretation placed upon the applicable provisions of law by the Medical Board ever since its organization.”
The sole issue presented for consideration is whether the Board of Education complied with the statutory requirements, Administrative Code, and its by-laws.
Section 2568 of the Education Law provides as follows: “ § 2568. Superintendent of schools authorized to require medical examination of certain employees of certain boards of education. The superintendent of schools of a city having a popula *1077 tion of one million or more shall be empowered to require any person employed by the hoard of education of such city to submit to a medical examination by a physician or school medical inspector of the board, in order to determine the mental or physical capacity of such person to perform his duties, whenever it has been recommended in a report in writing that such examination should be made. Such report to the superintendent may be made only by a person under whose supervision or direction the person recommended for such medical examination is employed. The person required to submit to such medical examination shall be entitled to be accompanied by a physician or other person of his own choice. The findings upon such examination shall be reported to the superintendent of schools and may be referred to and considered for the evaluation of service of the person examined or for disability retirement.” (Formerly § 2518, renumbered 2568, by L. 1950, ch. 762, § 2, eff. July 1, 1951; emphasis supplied.)
In an analogous case Mr. Justice Hart in the Matter of Groad v. Jansen (13 Misc 2d 741) stated: “ The letter * * * to the superintendent of schools, requesting that petitioner 1 he examined in accordance with the By-Laws of the Board of Education ’ is not a report within the meaning of section 2568 of the Education Law«”. The court, continuing, stated: “ A ‘ report ’ envisages more than a mere request and should contain some facts and circumstances upon which the recommendation for the medical examination is predicated. The legislative intent to protect employees of the board of education from needless harassment, while overcoming the effect of the holding in Matter of Board of Educ. of City of N. Y. v. Graves (175 Misc. 205, affd. 261 App. Div. 1115), clearly indicates that more than a request is required.”
On the submitted papers I cannot agree with the contention of respondents that proper procedure was followed. These proceedings were initiated by the 1Életter ’ ’ of the acting principal (serving as such about six months) dated May 1,1959, addressed to the Division of Personnel, Board of Education, and contrary to statute is not “ a report ” addressed to the “ superintendent of schools ” and not made “ by a person under whose supervision or direction the person recommended for such medical examination is employed.”
Further, subdivision lb of section 89 of the By-Laws of the Board of Education has not been complied with. This section provides that a copy of all official reports ‘ ‘ he given to the teacher affected within ten days from the date of filing [of report].”
*1078 These deficiencies and failures of compliance with the mandated requirements are fatal. It is not necessary, therefore, to explore petitioner’s additional objections and complaints. The court takes note of petitioner’s Exhibit Q, which is a letter from the Director, In-Service Training to petitioner dated June 25, 1959 which commends and lauds movant for her “ excellent service,” “ willingness to cooperate with the bureau staff,” etc. In light of such favorable characterizations of petitioner, respondents’ action appears to be unwarranted.
The papers submitted by the respondents establish no legal basis justifying the action of the Board of Education, which action I find to be arbitrary. Accordingly the application is granted. Settle order.