Louis L. Fkiedman, J.
The court has received letters from counsel for the parties on both sides. It appears from an examination of the file that an order was signed in this case on April 6, 1962, even though it had been noticed for settlement for April 10. This of course deprived petitioner of an opportunity to submit a counter order. The original decision of this court did not require respondent to settle the order on notice, but since respondent did so, the order should not have been signed until the settlement date. Such order was signed because the Clerk failed to call the court’s attention to the fact that the notice of settlement was for April 10. Accordingly, the court has indorsed the foot of the order to show that it is vacated this date, to wit, April 12,1962. Respondent will be required to submit another order, with notice of settlement to petitioner. Such new order should recite this decision and should be in conformity therewith.
In addition to calling the court’s attention- to the erroneous date when the order was signed, petitioner’s attorneys’ letter also calls some other errors in transaction to the attention of the court. Petitioner also suggests in her letter that other relief requested in the petition has not been considered by the court. Petitioner’s letter, therefore, will be considered as an informal application for reargument and such application for reargument is granted.
Upon reargument, the court’s decision is as follows:
Petitioner brings this article 78 (Civ. Prac. Act) proceeding, praying for an order restraining respondent from conducting a physical and medical examination of her, and for other further incidental relief.
Petitioner is an Assistant Principal who was formerly assigned to Junior High School No. 123, The Bronx, New York and who while at such school submitted herself to several physical examinations. She was thereafter transferred to Public School No. 90 in September of 1961. She was later transferred on December 11,1961 to the headquarters of the Board of Education and assigned to duties other than those of Assistant Principal. Her salary was continued in the same amount. She was directed to submit herself to a medical examination and after some postponements, this proceeding was instituted. Petitioner’s papers are rather voluminous and in her prayer for relief, she prays for nine different kinds of relief to which she claims she is entitled.
There is no merit to petitioner’s claim that her rights have been violated by virtue of her assignment to the headquarters of the Board. Under section 31 of the by-laws of the Board of *10 Education the Superintendent of Schools is empowered to assign such persons as he deems necessary to headquarters duty (Munter v. Theobald, N. Y. L. J., Feb. 14, 1962, p. 16, col. 4).
Neither is there any merit to her claim that she is entitled to examine the various medical reports submitted by the physicians of the Board of Education (Silverman v. Moss, 107 N. Y. S. 2d 475).
There thus remains the question of whether her rights were violated in being directed to submit to a physical examination. Unless the act of the Board of Education requiring her to do so was arbitrary or capricious, or unless it was in violation of the rules of the Board, this court may not interfere. Neither section 2568 of the Education Law or subdivisions 7 and lb of section 89 of the by-laws of the board have been violated in this instance. Section 2568 of the Education Law provides that upon receipt by the Board of a report from the principal under whose supervision the teacher is employed that a physical and medical examination is recommended, the Superintendent of Schools has the power to order such examination. The report making such request or recommendation must of necessity contain some facts and circumstances justifying the recommendation (see Groad v. Jansen, 13 Misc 2d 741).
The record before this court shows that the request made by the principal in this instance sets forth sufficient facts and circumstances to justify the action which was taken. Whether or not the action should have been taken may not now be determined by this court since it was within the power of the Superintendent of Schools to make the decision on that question and this court may not substitute its judgment for that of officers empowered by the statute to make such a determination. This is particularly so where, as in the present case, the decision made by the Board does not appear to be arbitrary, capricious or unreasonable (Munter v. Theobald, 101 N. Y. S. 2d 475, supra).
The court has examined the other claims and prayers made by petitioner and has come to the conclusion that they are equally without merit.
No triable issues of fact are raised by the papers before the court arid accordingly the motion made by petitioner is in all respects denied and the petition is hereby dismissed, without costs.