Walter R. Hart, J.
In this article 78 proceeding respondents move pursuant to CPLR 7804 (subd. [f]) for an order dismissing the petition on the ground that it does not state facts sufficient to entitle the petitioner to the relief requested.
Petitioner in this proceeding requests the court to annul as a matter of law petitioner ’s discharge by the respondent Board of Education on the ground of insubordination in his alleged failure and refusal to submit to a medical examination and to restore him to his teaching position with full pay as of January 31, 1964.
It is apparent that the only basis for his discharge was petitioner’s refusal to submit to a medical examination pursuant to section 913 of the Education Law. Petitioner challenged the right of the respondent Board of Education to require his submission pursuant to such section, contending that the respond *29 ent only had such right when requested by his superior or principal and pursuant to the provisions of section 2568 of the Education Law.
Section 2568 relating to cities of a million or more which was enacted prior to section 913 provides that a Superintendent of Schools is authorized and empowered to require a medical examination of an employee in order to determine the mental or physical capacity of such person ‘ ‘ whenever it has been recommended in a report in writing that such examination should be made. Such report to the superintendent may be made only by a person under whose supervision or direction the person recommended for such medical examination is employed.” (Emphasis supplied.)
Section 913, which relates to the safeguarding of the health of children in public schools, provides that a Board of Education or trustees of any school district shall be empowered to require any person employed by the Board of Education or trustees to submit to a medical examination in order to determine the physical or mental capacity of such person to perform his duties.
The sole question thus presented for this court’s determination is purely a legal one of construction, i.e., which of the two sections of the Education Law is applicable to the facts presented or whether they can be used conjunctively as claimed by the respondents.
It is axiomatic that a court in interpreting a statute is bound to construe it in accordance with the sense of its terms and the intention of the framers of the law. While that intention is first to be sought from the words employed and if the language is unambiguous, plain and clear conveying a distinct idea, there is no occasion to resort to other means of interpretation (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1; Town of Putnam Val. v. Slutsky, 283 N. Y. 334, 343). The enactment of section 913, containing similar language as that found in section 2568, and its insertion into article 19 of the Education Law, requires the court to examine into the intent of the Legislature and go beyond its apparent and unambiguous language.
It is to be noted that this section was inserted in article 19 relating to medical and health service affecting all pupils attending public schools in the State except in the city school districts of the Cities of New York, Buffalo and Rochester. Under the circumstances the spirit and purpose of the act and the objects to be accomplished must be considered. The statement of the Governor of the State of New York in approving section 913, the letter dated March 18, 1952 signed by the then President *30 of the Board of Education, as well as the letter of the Mayor’s legislative representative, clearly and without any equivocation establish that section 913 was to be applicable only to employees outside the confines of the City of New York and that section 2568 was to govern employees in the educational system of the City of New York.
As the court so aptly stated in Essenfeld Bros. v. Hostetter (14 N Y 2d 47, 52): “ ‘ Literal meanings of words are not to be adhered to or suffered to ‘ ‘ defeat the general purpose and manifest policy intended to be promoted ” ’ * * *. ‘ There is no more likely way to misapprehend the meaning of language — be it a constitution, a statute, a will or a contract ’ * * * ‘ than to read the words literally, forgetting the object which the document as a whole is meant to secure. ’ ”
The petitioner’s superior having failed or refused to file a written report containing the facts and circumstances upon which the recommendations for a medical examination are predicated in accordance with section 2568 (Matter of Kropf v. Board of Educ. of City of N. Y., 34 Misc 2d 8; Matter of Franck v. Board of Educ. of City of N. Y., 33 Misc 2d 1075; Matter of Groad v. Jansen, 13 Misc 2d 741), the respondents could not initiate the proceeding pursuant to section 913.
The use of section 913 by the respondents was an arbitrary abuse of their legal power particularly when they were aware of the purpose and intent of the Legislature in the promulgation of the section as evidenced by the letter of their former President, the Governor of the State of New York and the Mayor’s office.
Accordingly, the respondents’ motion is denied. Respondents are granted five days to serve their answer and the original proceeding is to be placed on the calendar for argument for December 22, 1964.