## SECOND DEPARTMENT, JUNE, 1966

## (June 6, 1966)

■ In the Matter of REUBEN R. GORDON, Appellant, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent Board of Education discharging petitioner as a teacher, petitioner appeals (1) from a judgment of the Supreme Court, Kings County, entered February 24, 1965 which dismissed the petition and denied the application and (2) as limited by his brief, from so much of a later judgment of said court, entered March 9, 1965, as, upon reargument, adhered to the original decision and judgment. Appeal dismissed insofar as it is from the original judgment, without costs. That judgment was superseded by the later judgment. Judgment entered March 9, 1965 reversed insofar as appealed from, on the law, with costs, petition granted and proceeding remitted to the Special Term for further proceedings not inconsistent with the views herein and for the making of a judgment restoring petitioner to his position, with full pay for the period following the effective date of his purported discharge. No questions of fact have been considered. In our opinion, neither the board nor the respondent Superintendent of Schools had the power to require petitioner

to submit to the medical examination in question in the absence of a recommendation therefor in a written report to the Superintendent by a person under whose supervision or direction petitioner was employed, in accordance with the provisions of section 2568 of the Education Law; and section 913 of the Education Law is not applicable to the New York City School District (see Education Law, § 901; 1939 Atty. Gen. 324; cf. *Matter of Gitlitz* v. *Board of Educ.*, 78 N. Y. St. Dept. Rep. 134; *Matter of Board of Educ. of Town of Mamaroneck* v. *Board of Educ. of City of N. Y.*, 1 Educ. Dept. Rep. 405). As a matter of fact, the New York City school authorities have traditionally sought such examinations only under section 2568, not section 913 (see *Matter of Groad* v. *Jansen*, 13 Misc 2d 741; *Matter of Franck* v. *Board of Educ.*, 33 Misc 2d 1075; *Matter of Franck* v. *Board of Educ.*, 33 Misc 2d 754, revd. 19 A D 2d 741; *Matter of Kropf* v. *Board of Educ.*, 34 Misc 2d 8, affd. 18 A D 2d 919; *Matter of Munter* v. *Theobald*, 225 N. Y. S. 2d 1008, affd. 17 A D 2d 854, mot. for lv. to app. den. 12 N Y 2d 645). It follows that petitioner had the right to refuse to submit to such examination and that his refusal was an improper basis upon which to dismiss him on the ground of insubordination. Christ, Rabin, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., concurs in result, with the following memorandum: I agree that section 2568 is exclusively applicable and that section 913 has to do only with schools without the City of New York. Under section 2568 the Supreintendent has the power to require submission to medical examination. He is activated by report of a supervisor recommending such medical examination. The report of such supervisor is superfluous, in my opinion, if the Superintendent has personal knowledge, set forth in writing, of facts sufficient to constitute a reasonable basis for requiring the examination. Inasmuch as the respondent stands or falls on section 913 I concur. But I dissent from so much of the majority memorandum as contains the unequivocal statement that the Superintendent has no power in the absence of a recommendation in a written report.