■ DORIS KURZIUS, Respondent, v BOARD OF EDUCATION, WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education which refused to pay to petitioner her salary for the period of time during which she was not permitted to teach, in light of her failure to comply with the board's request for medical verification of her ability to resume normal teaching duties, the board appeals from a judgment of the Supreme Court, Orange County, dated July 21, 1980, which awarded petitioner her full salary, with interest, for the period in question. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. Petitioner, a junior high school science teacher, had been absent from school due to alleged illness from October 9 to November 5, 1979. She was put on notice, by letter from the superintendent of schools dated October 19, 1979, that she had only four days of paid sick leave remaining, after which she would not be paid for further absences. Petitioner thereafter indicated her intention to resume her duties, although she still felt ill and had requested a leave of absence until March 15, 1980. Section 913 of the Education Law empowers the board of education or trustees of any school district to require a mental or physical examination in order to determine a person's capacity to perform his duties. The board

demanded such physical examination in order to verify petitioner's illness and to determine a possible date of availability to return to her teaching duties. On the first day on which petitioner reported to resume her classes, the school district's physician indicated that she had not yet received the previously requested written report from petitioner's personal physician and that she preferred to await such report before permitting petitioner to return to work. On November 16, upon receipt of evidence of compliance, the school board's physician determined that petitioner could resume her teaching duties. The board recommenced salary payments as of that date. Petitioner thereupon initiated the instant proceeding to recover her salary for the period from November 5 to November 15, 1979. Notwithstanding the fact that the right of a teacher to compensation is so substantive that it may not be taken away except pursuant to statutory authority or contractual agreement *(Matter of Jerry v Board of Educ.,* 35 NY2d 534; *Matter of Board of Educ. v Nyquist,* 48 NY2d 97), we find that on the facts presented here petitioner is not entitled to be paid. This is not an instance in which petitioner had been suspended by action of the board of education, thus distinguishing *Matter of Jerry* on its facts (see *Matter of Pordum v Nyquist,* 42 NY2d 958). The sole reason that she was precluded from teaching was due to her own failure to comply with the board's reasonable directives. Under such circumstances, the board should not be compelled to make payments to the petitioner. The board's good faith was indicated by its immediate resumption of compensation to petitioner on November 16, 1979, upon receipt of evidence of her compliance. There is no evidence that the board acted arbitrarily or capriciously or abused its discretion in arriving at its determination. It cannot be said that the board's action was without rational basis and, therefore, it must be upheld *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We find Special Term to have erred in ordering payment of full salary, with interest, to petitioner for the period under consideration. Mollen, P. J., Margett, O'Connor, and Weinstein, JJ., concur.