■ In the Matter of RICHARD D. DOBOSEN, Appellant-Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK et al., Respondents-Appellants. [596 NYS2d 363] — Order and judgment (one paper), Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 8, 1992, which denied and dismissed the petitioner's CPLR article 75 petition seeking to annul and vacate the determinations of the respondent medical arbitrators, granted the petitioner's CPLR article 78 petition to the extent of directing the respondents to reinstate him to his former position as a teacher but denied his application for back pay, unanimously modified, on the law, by striking the direction to the respondents to reinstate the petitioner as a teacher, and otherwise affirmed, without costs.

We reject the petitioner's initial contention that the respondent Board of Education acted in excess of its authority in ordering him to submit to a medical examination. "Teachers in this State are generally required to submit to an examination to determine their physical and mental fitness to perform their duties (Education Law § 913)." *(Matter of Patchogue-Medford Congress of Teachers v Board of Educ.,* 70 NY2d 57, 69; *see also, Matter of Stone v Gross,* 25 AD2d 753, *affd* 19 NY2d 675; *Kurzius v Board of Educ.,* 81 AD2d 827; *cf., Matter of Gordon v Board of Educ.,* 26 AD2d 545.) The language employed by the Legislature must be construed according to its "natural and most obvious sense" (McKinney's Cons Laws of NY, Book 1, Statutes § 94). Since the clear and unambiguous terms of Education Law § 913 indicate that the statute applies to "any school district" in the State, without limitation to location, the respondent properly directed the petitioner to undergo the medical evaluation.

In any event, the proceeding should have been dismissed as time-barred. The original demand to the petitioner that he submit to a medical examination, and the resulting determination that he was not fit to return to work, were made in 1984. Having failed to commence an article 78 proceeding within four months after that determination, the petitioner forfeited his right to challenge it (CPLR 217). Any subsequent medical examination, including that leading to the February

1990 determination at issue, was made at the petitioner's request for an independent medical evaluation, and did not involve any wrongful action by the Board. Accordingly, the petitioner's demand for back pay is moot.

We have considered the petitioner's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman and Asch, JJ.