■ RONALD GRASSEL, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [753 NYS2d 138] —In an action, inter alia, to recover damages pursuant to 42 USC § 1983, and for reinstatement to his position as a tenured teacher with back pay and benefits from February 4, 1998, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 5, 2001, which denied his motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 13, 1997, the plaintiff, a high school teacher, exhibited bizarre and irrational behavior in front of his supervisor, the principal, Dr. Bruce M. Billig. By letter dated June 16, 1997, addressed to the plaintiff, Dr. Billig set forth the facts and circumstances of the incident, and stated that the plaintiff's actions "might [constitute] conduct unbecoming a teacher." Dr. Billig subsequently asked the defendant Superintendent Nicholas J. Coletto to request that the plaintiff undergo a medical examination. Superintendent Coletto requested that the Board of Education of the City of New York Medical Bureau (hereinafter the Medical Bureau) examine the plaintiff pursuant to Education Law § 2568, to determine the plaintiff's capacity to perform his duties. On three separate occasions, the plaintiff was advised that he was required to report to the Medical Bureau for an examination pursuant to Education Law § 2568. However, the plaintiff failed to appear or contact the Medical Bureau. By letter dated February 4, 1998, the plaintiff was informed that based upon his failure to appear for an examination before the Medical Bureau, he was removed from the payroll of the Board of Education of the City of New York (hereinafter the Board).

Education Law § 2568 provides that a school superintendent has the power to require a medical examination of an employee to determine that person's mental or physical capacity to perform his or her duties (see Matter of Gordon v Board of Educ. of City School Dist. of City of N.Y., 26 AD2d 545, 546). Notwithstanding that the right of a teacher to compensation is so substantive that it may not be taken away except pursuant to statutory authority or contractual agreement (see Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse, 35 NY2d 534), on the facts presented here, the plaintiff is not

entitled to be paid. This is not an instance in which the plaintiff was suspended by action of the Board, thus distinguishing *Matter of Jerry* on its facts (*see Matter of Pordum v Nyquist,* 42 NY2d 958, 959; 28 Ed Dept Rep 524 [Decision No. 12,188]). The sole reason that he was precluded from teaching was his own failure to comply with the Board's reasonable directives. Under such circumstances, the Board should not be compelled to pay the plaintiff.

Furthermore, the actions of a superintendent are entitled to qualified immunity. A party is entitled to qualified immunity if his or her conduct is not violative of clearly established rights which a reasonable person knew, or objectively and reasonably believed, did not violate such rights (*see Anderson v Creighton,* 483 US 635, 638-641). Superintendent Coletto's request that the plaintiff report for a medical examination was based upon a written report received from Dr. Billig, and his suspension of the plaintiff was based upon the plaintiff's failure on at least three occasions to appear for a medical examination.

Since the plaintiff failed to establish that former Board Chancellor Rudolph Crew was involved in the plaintiff's suspension, the plaintiff's 42 USC § 1983 claim against Crew was properly dismissed (*see Al-Jundi v Estate of Rockefeller,* 885 F2d 1060, 1065; *Williams v Smith,* 781 F2d 319).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.