OPINION OF THE COURT
Daniel Palmieri, J.
Defendants’ motion for summary judgment pursuant to CPLR 3212 is granted and the complaint is dismissed.
All requests by plaintiff for affirmative relief are denied because plaintiff did not make a cross motion for such relief. (CPLR 2215; New York State Div. of Human Rights v Oceanside Cove II Apt. Corp., 39 AD3d 608 [2d Dept 2007]; see generally Bucceri v Frazer, 297 AD2d 304 [2d Dept 2002].)
It is well settled that an attorney’s affirmation that is not based on personal knowledge or supported by documentary evidence is of no probative value. (Warrington v Ryder Truck Rental, Inc., 35 AD3d 455 [2d Dept 2006]; Sampson v Delaney, 34 AD3d 349 [1st Dept 2006]; cf. Davey v Dolan, 46 AD3d 854 [2d Dept 2007].) Here, the attorneys do not profess to possess personal knowledge of any facts asserted, hence, their affirmations have been employed and considered only to the extent they are utilized as vehicles to refer to other competent evidence. (See Metz v Nastasi, 282 AD2d 659 [2d Dept 2001].)
Plaintiff began teaching at the Roosevelt Union Free School District in September 1987. She is certified to teach business education and received tenure in the District in the area of business education sometime in 1990. Plaintiff taught in the *1050 District until her position (along with several other positions) was abolished effective June 30, 2005, resulting in her termination.[1] She was 58 years old at the time her position was abolished. During her time in the District, plaintiff taught various classes including business math, accounting, keyboarding, word processing, electronic information processing, business law, introductions to occupations, financial literacy, business analysis, business computer applications and web page design. She taught web page design for the 2001-2002 school year. Web page design falls under the area of information or computer technology on the Basic Educational Data System. Plaintiff maintains that the elimination of positions was motivated by a desire on the part of individual defendant Ronald Ross, the superintendent, to replace older female teachers with younger male teachers.
Plaintiffs termination was effective June 30, 2005 and written notice of such termination was dated May 3, 2005. Plaintiff was placed on a preferred eligible list of candidates and was rehired effective September 1, 2010. Plaintiff worked at various temporary positions during her five-year layoff period, and essentially seeks money damages to compensate her for her claimed wrongful termination.
Plaintiff commenced an action in the United States District Court, Eastern District of New York against the District and Ross asserting claims of age discrimination, retaliation, violation of her civil rights and due process, all of which were dismissed pursuant to a memorandum and order of the District Court dated March 4, 2009. Two of plaintiffs causes of action, asserting tortious interference with contract and violations of the Education Law, also were dismissed, but without prejudice.
This action was commenced on September 9, 2009.
The complaint defines collectively the Board of Education and the School District as “Defendant” and Ronald O. Ross as “Ross” and/or the “Superintendent” and after a recitation of “facts” asserts three causes of action.
1. Violation by the defendant of Education Law § 3013 (1) which, in substance, requires that an employee of an abolished position has a right to fill a similar position to the one abolished.
*1051 2. Violation of the following additional sections of the Education Law:
(a) section 2510, requiring that an employee of an abolished position be permitted to fill a similar position;
(b) section 3012, dealing with rights of tenure;
(c) section 3013, which is similar to section 2510;
(d) section 3020 (a), rights of due process if termination is for cause.
3. Violation of sections of the collective bargaining agreement (CBA) covering plaintiffs employment as follows:
(a) article IX D and E, as to vacancies and promotions;
(b) article XVI A, dealing with class size in that there should have been multiple sections of the web design and business math courses;
(c) article XXVIA and B, miscellaneous provisions, by employing gender and age conscious selection procedures and by terminating plaintiff publically and without just cause.
The District Court specifically addressed plaintiffs claim that her termination was motivated by a bias on the part of Ross in favor of young male (preferably African-American) teachers, and found that the evidence in support thereof was lacking. Hence, the plaintiffs claims of age and sex discrimination were dismissed. The claims were also dismissed as to Ross individually.
As noted above, certain state causes of action were dismissed as well, but without prejudice. These were violations of unspecified sections of the Education Law and for tortious interference with contract. The latter claim of tortious interference with contract has not been resubmitted.
Initially, to the extent the remaining causes of action are asserted against Ross, the court dismisses all claims against him pursuant to the doctrine of governmental immunity. “[W]hen official action involves the exercise of discretion, the officer is not liable for the injurious consequences of that action even if resulting from negligence or malice.” (Tango v Tulevech, 61 NY2d 34, 40 [1983].) It is worth noting that, even when the charged motive is discrimination, a party in Ross’s position generally is entitled to qualified immunity provided he knew, or had an objective and reasonable basis for believing, that his *1052 conduct did not violate clearly established rights. (See Grassel v Board of Educ. of City of N.Y., 301 AD2d 498 [2d Dept 2003].)[2]
Here, there is no question that the plaintiff had no right to continued employment once the positions at issue were eliminated, and the elimination of those positions was an act of discretion within the purview of Ross’s powers as superintendent. Thus, even assuming that his motives in eliminating plaintiffs position were venal or malicious, Ross is entitled to immunity from her suit.
The court now turns to the motion insofar as it applies to all defendants. In support of the motion, defendants have submitted depositions of plaintiff, given in the federal and in this action, a deposition of Ross given in the federal action, the CBA and plaintiff’s charge of discrimination made to the United States Equal Employment Opportunity Commission (EEOC) dated February 28, 2006 and portions of a deposition given in this action by Wendy Sawitz, who was examined as to her knowledge of job postings.
On December 3, 2012, plaintiffs counsel filed a note of issue and statement of readiness. The complaint does not allege and it is not denied that plaintiff did not serve notice of intent to sue pursuant to Education Law § 3813.
Education Law § 3813 (1) provides:
“No action or special proceeding, for any cause whatever . . . shall be prosecuted or maintained against any school district, board of education, [or] board of cooperative educational services ... or any officer of a school district, board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action . . . is founded was presented to the governing body of said district . . . within three months after the accrual of such claim, and that the . . . body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment.” (See *1053 also Matter of Sainato v Western Suffolk BOCES, 242 AD2d 301, 301 [2d Dept 1997].)
A narrow exception to the notice requirement, not relevant here, applies when an action seeks to vindicate a public rather than a private interest. In the present case, however, it is clear that this action, which seeks money damages, is one seeking enforcement of private rights and not the interests of the public. (Biggers v Brookhaven-Comsewogue Union Free Sch. Dist., 127 F Supp 2d 452 [SD NY 2001].)
It is well settled that compliance with section 3813 is a condition precedent to commencement of an action against a school board, its members or employees. (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]; see Carlson v Geneva City School Dist., 679 F Supp 2d 355, 366 [WD NY 2010]; Matter of Angarano v Harrison Cent. School Dist., 14 Misc 3d 1217[A], 2007 NY Slip Op 50058[U], *4 [Sup Ct, Westchester County 2007].) The New York Court of Appeals has strictly construed this notice of claim requirement, and has rejected “proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexatious disputes.” (Varsity Tr., Inc. v Board of Educ. of City of N.Y., 5 NY3d 532, 536 [2005].) Thus, failure to comply with the statute’s specific requirements with regard to timeliness and service on the proper “governing body,” are recognized as fatal to the pursuit of a claim. (Parochial Bus Sys., 60 NY2d 539.) This applies even if the results are harsh. (Id.)
As to the requirement that the claim be presented to the appropriate governing body, New York’s highest court has noted that “[t]he statutory prerequisite is not satisfied by presentment to any other individual or body, and, moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice.” (Id. at 548; see Lewinter v New York City Dept. of Educ., 2010 WL 2746334, *3, 2010 US Dist LEXIS 68493, *8-11 [SD NY, July 9, 2010, No. 09 Civ. 0227 (PGG)]; Avgerinos v PalmyraMacedon Cent. School Dist., 690 F Supp 2d 115, 125 [WD NY 2010]; Brtalik v South Huntington Union Free Sch. Dist., 2010 WL 3958430, 2010 US Dist LEXIS 107373 [ED NY, Oct. 6, 2010, No. CV-10-0010].)
There is some federal case authority that an EEOC complaint may serve as a substitute for a notice under Education Law § 3813 in the rare and limited circumstances where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a *1054 different arm of the district) and is served within the statutory time period. (Brtalik, 2010 WL 3958430, *5, 2010 US Dist LEXIS 107373, *13.)
However, plaintiff has not cited to this court any state court cases not involving claims of discrimination (as all such claims have been dismissed) to which this relaxed standard has been applied. (See Grasso v Schenectady County Pub. Lib., 30 AD3d 814 [3d Dept 2006] [even if filing an EEOC complaint constituted substantial compliance with General Municipal Law § 50-e, no evidence presented that the municipality actually received the complaint either within the required 90-day period, or at any time]; cf. Matter of Mennella v Uniondale Union Free School Dist., 287 AD2d 636 [2d Dept 2001] [petition to commissioner of education filed six days after termination of employment was functional equivalent of a notice of claim].)
In any event, plaintiffs EEOC complaint is dated February 28, 2006, which is eight months after her discharge, and there is no proof that it was ever served upon defendant. It therefore is untimely. This court therefore declines to make a finding that plaintiffs EEOC complaint satisfies any notice requirement that is applicable to her state law claims.
Having made that determination, dismissal must result. New York law requires that a plaintiff plead and prove compliance with Education Law § 3813’s notice of claim and statute of limitations requirements in any action against the defendant or its officers. (Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d 367 [2007]; Stoetzel v Wappingers Cent. School Dist., 166 AD2d 643 [2d Dept 1990].) There is no such allegation in plaintiffs complaint. As compliance with section 3813 (1) is a prerequisite for a suit naming a school district or its officers, and a plaintiffs failure to plead compliance with New York’s notice of claim requirements mandates dismissal, the defendants’ motion must be granted. (See PBS Bldg. Sys., Inc. v City of New York, 1996 WL 583380, *3, 1996 US Dist LEXIS 15006, *9 [SD NY, Oct. 10, 1996, No. 94 Civ 3488 (JGK)] [“The appropriate remedy for failure by the plaintiff to comply with a statutory notice of claim requirement is dismissal of the action, even if the claim is meritorious”].)
The court notes that plaintiffs counsel quotes and refers to Education Law § 3813 (2), which applies to tort claims; however, counsel does not cite nor attempt to distinguish Education Law § 3813 (1), which controls her remaining statutory and contractual claims. (Elia v Highland Cent. School Dist., 78 AD3d 1265 *1055 [3d Dept 2010].) Even if governmental immunity did not otherwise apply to Ross, the notice provisions apply to him as well, because his conduct was in furtherance of the business of the defendant and not performed to advance his personal benefit. (Dorce v United Rentals N. Am., Inc., 78 AD3d 1110 [2d Dept 2010]; Hale v Scopac, 74 AD3d 1906 [4th Dept 2010]; Preston v Hilton Cent. School Dist., 876 F Supp 2d 235 [WD NY 2012].)
In view of the foregoing, the court does not reach the other grounds for dismissal raised by defendants.

. Under the Education Law, if a position is abolished, the teacher with the least seniority within the tenure area of that position in the district must be the person dismissed and the dismissed person must be placed on a preferred eligible list of candidates for appointment to a similar position for seven years. (Education Law §§ 2510 [2], [3] [a]; 2585 [3]; 3013 [2], [3] [a].)

. Grassel concerned a claim made under 42 USC § 1983, and to the extent plaintiff here charges that Ross wanted to replace older female teachers with younger male ones, i.e., relies on her status as a member of protected classes and charges Ross with a violation of her rights in that context, the same is barred under res judicata and/or estoppel principles given the dismissal of her discrimination claims, and against Ross individually, by the Federal District Court. (See Sanders v Grenadier Realty, Inc., 102 AD3d 460 [1st Dept 2013].)