**Fannie BRAXTON, Appellant,**

v.

**Martin J. McNAMARA, Appellee.**

**No. 80–547.**

District of Columbia Court of Appeals.

Argued Jan. 8, 1981.

Decided March 23, 1981.

George H. Eggers, Silver Spring, Md., for appellant.

Martin J. McNamara, pro se.

Before NEWMAN, Chief Judge, and GALLAGHER * and FERREN, Associate Judges.

PER CURIAM:

This is a suit by Braxton against the administrator of the estate of Charles Taylor for the value of spousal "services" allegedly rendered to decedent over the course of forty years. The trial court dismissed the complaint on the grounds that appellant's response to appellee's Motion To Amend Answer and To Dismiss For Failure To State A Claim or For Summary Judgment was untimely filed. On appeal, appellant argues that this ruling constituted an abuse of discretion. We agree and reverse.

In her complaint, appellant alleged a common-law marriage relationship between herself and Mr. Taylor, a breach of an oral contract for payment of spousal services at a rate of $1000 per year for forty years, and

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

misappropriation of monies she allegedly entrusted to the decedent. In response, defendant-appellee filed an answer and subsequently filed a Motion To Amend Answer and To Dismiss For Failure To State A Claim or For Summary Judgment.

Appellant's opposition to this motion was due on February 26, 1980, but was not filed until March 25, 1980. On April 17, 1980, the Motions Commissioner reviewed appellant's motion and rejected it as having been untimely filed. On the same day, the trial court granted appellee's "Motion to Amend" and dismissed appellant's complaint for failure to state a claim. The dismissal order indicates that the judge knew that appellant had filed an opposition which had been rejected that same day on "untimeliness" grounds. The trial court apparently acted under the authority of Super.Ct.Civ.R. 12–I(e), which provides: "If a statement of opposing points and authorities is not filed within the prescribed time, the Court may treat the motion as conceded."

■ Although appellant's motion was untimely filed, there was no showing that appellee had been prejudiced. The clear trend in this jurisdiction is to avoid the extreme remedy of dismissal for a litigant's failure to answer an adversary's motion or to comply with a discovery order in timely fashion, where there is no resulting prejudice and where other, less extreme, alternatives are available. *Frazier v. Center Motors, Inc.*, D.C.App., 418 A.2d 1018, 1020 (1980); *Grier v. Rowland*, D.C.App., 409 A.2d 205, 206 n.1 (1979); *Pollock v. Brown*, D.C.App., 395 A.2d 50, 52 (1978); *Garces v. Bradley*, D.C.App., 299 A.2d 142, 144 (1973); *Koppal v. Travelers Indemnity Co.*, D.C. App., 297 A.2d 337, 339 (1972). Moreover, the trial court's dismissal in the instant case "runs counter to accepted judicial preference for a decision on the merits." *Grier, supra* at 206 n.1.[1]

1. We note that *Grier, Pollock*, and *Koppal* all involved sanctions for refusal to allow discovery under Super.Ct.Civ.R. 37. *Frazier* and *Garces* involved motions to dismiss for failure to prosecute under Super.Ct.Civ.R. 41(b). We

· Though appellant's opposition was filed late, she could properly have moved for leave to do so. Super.Ct.Civ.R. 6(b). Appellant's opposition had been lodged with the trial court for approximately twenty-three days when it was rejected for filing by the Motions Commissioner.[2] Before appellant had any opportunity to learn of this action and to move for leave to file out of time, the trial court, with record knowledge of the above, granted the motion to dismiss as unopposed. In so doing, we conclude, the trial court abused its discretion. *See Johnson v. United States*, D.C.App., 398 A.2d 354, 363-67 (1979).

*Reversed.*

are satisfied that the principle set forth in those cases is also applicable to matters governed by Super.Ct.Civ.R. 12–I(e)—that is, trial courts should *not dismiss* when an untimely filing has not prejudiced the other party and another, less severe, alternative is available.

2. We note in passing that we find no explicit authority in the Superior Court Civil Rules authorizing the Motions Commissioner to reject this type of pleading as untimely.