Jack ROBINSON, et al., Appellants,

v.

Tyree JONES, et al., Appellees.

MONARCH NOVELTY CO., et al., Appellants,

v.

Tyree JONES, by and through his next friend, Jessie May Kelley, et al., Appellees.

Nos. 79–1228, 80–247.

District of Columbia Court of Appeals.

Argued Feb. 24, 1981.

Decided April 9, 1981.

Margaret A. Beller, Washington, D. C., with whom Carolyn R. Just, Washington, D. C., was on the briefs, for appellants.

Robert J. Segan, with whom Steven A. Skalet and Benny L. Kass, Washington, D. C., were on the brief, for appellees.

Before KELLY and NEBEKER, Associate Judges, and GALLAGHER,* Associate Judge, Retired.

KELLY, Associate Judge:

Appellants Jack, Thomas and William Robinson (trading as Monarch Novelty Co.) appeal from a judgment holding that appellees were legally disabled within the meaning of D.C.Code 1973, § 47–1003,[1] and therefore were entitled to an extension of one year after removal of the disability, in which to redeem their home from appellants who had purchased it at a tax sale. Since the record clearly shows that appellees presented evidence from which "legal disability" could be adduced, we affirm.

Appellees Tyree Jones and Susie Moore are brother and sister, who, as joint tenants, purchased a home at 1216 C Street, N.E., on December 6, 1973. Beginning with a real estate tax payment due in March of 1974, appellees failed to pay any real estate taxes. In December 1974, the District of Columbia advertised in two major daily newspapers that the home would be sold at a tax sale. On January 24, 1975, appellants purchased the tax certificate for the realty at the District's annual tax sale. Five months after expiration of the two year statutory redemption period during which appellees could have redeemed their home from appellants, and two days after receiving the deed to the property, appellants posted an eviction notice. Appellees contend that this was the first time they realized that they owed taxes and that their home had been sold.

The evidence at trial indicated that Jones was sixty-six or sixty-seven years old and in poor health. Moore was seventy-one years old. Both were minimally literate, and suffered from frequent and severe memory lapses. From this evidence, the court concluded[2] that Jones was mentally incapable of meeting his obligation to pay taxes and, *inter alia*, that Moore, "because of old age, mental weakness, ... was incapable of appreciating that she was not properly attending to her property with respect to her obligation to pay real estate taxes." The court then held that at the time of the tax sale, appellants were "legally disabled" within the meaning of § 47–1003 and were therefore entitled to one year following the removal of their disability within which to redeem their property.

■ The standard applied by the trial court in arriving at this determination required appellees to prove that by reason of "advanced age, mental illness or instability, mental defect or physical incapacity, they did not appreciate their obligation to pay taxes and were thus unable to care for their property." This standard is essentially the same as the one used in D.C.Code 1973, § 21–1501 for appointment of a conservator. We think the trial judge was correct in applying this standard to establish legal disability under § 47–1003. We also agree

---

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

1. In addition to the regular two year period of redemption for owners of property sold for delinquent taxes, § 47–1003 grants "persons under legal disability ... one year ... after the removal of such legal disability to redeem the property so sold."

2. The trial court's opinion is reported at 108 Wash.D.L.Rep. 21 (Jan. 4, 1980).

that neither prior adjudication of insanity nor a prior appointment of a conservator are prerequisites to such a showing.

 Appellants' argument that the record makes *no* showing of legal disability is misplaced because the testimony of appellees and of their friend presented firm evidence of their advanced age, poor health, frequent and severe memory lapses and their inability to care for their property. We recognize that there was evidence presented in support of appellants' case as well. But it is not our task to reweigh the evidence. In reviewing a decision of a trial court sitting without a jury, we may not set aside its judgment except for errors of law, unless it appears that the judgment is plainly wrong or without evidence to support it. D.C.Code 1973, § 17–305(a); *Nelson-Bey v. Robinson*, D.C.App., 408 A.2d 999, 1002 (1979). Since the record demonstrates substantial testimony supporting the trial court's findings in accordance with a correct application of the law, the judgment below was not clearly wrong or without evidence to support it.[3]

*Affirmed.*

---

**3.** Our ruling on the statutory issue makes it unnecessary for us to reach the second argument upon which the court rested its decision, namely, that appellees failed to receive proper notice of the tax sale, in violation of their due process rights.