Claudette BANZE, Appellant,

v.

AMERICAN INTERNATIONAL
EXPORTS, INC., Appellee.

No. 81-1059.

District of Columbia Court of Appeals.

Argued Dec. 7, 1982.

Decided Jan. 12, 1983.

Lee Landesberg, Washington, D.C., for appellant.

Robert M. Price, with whom Pennie E. Pirsch, Washington, D.C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and TERRY, Associate Judges.

NEWMAN, Chief Judge:

Appellant Claudette Banze appeals from a judgment in favor of American International Exports, Inc., releasing it from liability for goods misplaced after arrival in Matadi, Zaire. The trial court found that there was no actual or implied in fact contract for shipment inland to Malemba-Nkula, nor was there an agency by estoppel obligation to ship the goods further. Additionally, the trial court found that Ms.

Banze had failed to establish her damages. Finding no error, we affirm.

In 1974, Claudette Banze contacted American International Exports, Inc. (AIE) to arrange shipment of household and personal goods to family and friends in Zaire. The goods were picked up from Ms. Banze's home by an employee of AIE in May 1974, and delivered to Baltimore for transfer to an international freight ship. Banze testified that the goods were in a crate with the destination Malemba-Nkula marked on the outside.

On that same day, Ms. Banze spoke to Mr. Dhyani, the president of AIE by phone. Mr. Dhyani testified that he asked Ms. Banze to prepare an itemized list and to value her goods for the purpose of securing insurance. Ms. Banze testified that while she had purchased over $17,000 of goods she had only purchased $1,000 worth of insurance. Furthermore, she testified that Mr. Dhyani did not ask about the value of her goods or request an itemized list at that time.

In July 1974, Ms. Banze received a bill for $971 which stated Matadi, the international seaport of Zaire, as the destination for the goods. Ms. Banze called Mr. Dhyani to inform him that the destination of Matadi was incorrect. She testified that Mr. Dhyani told her that this destination was merely procedural and that the final destination would be Malemba-Nkula. Mr. Dhyani testified, however, that from the beginning he had told Ms. Banze that AIE could only ship her goods as far as Matadi.

Ms. Banze followed this July conversation with a letter stating that she wished her goods to be shipped to Malemba-Nkula. Mr. Dhyani responded on August 20, 1974, to inform Banze that the July bill only covered shipment of the goods to Matadi and that if she desired shipment to Malemba-Nkula, there would be an additional charge, and the $971 charge would have to be paid first. He sent a similar letter on September 16, 1974. Meanwhile, the goods arrived in Matadi.

Appellant paid the shipping charge in October 1974 and the bill of lading was sent to her father, as consignee, in Malemba-Nkula. This letter was ultimately returned in the spring of 1975. Ms. Banze requested shipment on to Malemba-Nkula and consented to pay the additional charge once AIE had made arrangements with its "agent" for the shipment inland. Mr. Dhyani testified that while AIE had not agreed to deliver the goods to Malemba-Nkula, it had agreed to help locate a freight forwarding agent to assist her father, the consignee, in shipping the goods inland.

In November 1974, AIE attempted to contact a Phs. Van Ommeren, the "agent" in Matadi, to authorize him to secure the goods and ship them to Ms. Banze's father. Additional attempts to contact Phs. Van Ommeren were made in January and March 1975. Phs. Van Ommeren never responded. By May 13, 1975, the goods had disappeared.

Ms. Banze brought a breach of contract action against AIE. The court, sitting without a jury, found that there was no agreement between the parties, either originally or subsequently, which called for delivery of Banze's goods to Malemba-Nkula; that Banze had been negligent in failing to look after the missing property promptly; and that she had failed to establish her damages.

The burden is on the plaintiff to prove all the elements in an action for breach of contract. *Browzin v. Catholic University of America,* 174 U.S.App.D.C. 60, 527 F.2d 843 (1975). Banze failed to prove, to the satisfaction of the lower court, that both parties had agreed that the goods would be delivered to Malemba-Nkula. The record contains ample support for the court's conclusion that a contract for the shipment of goods existed, but only as far as Matadi.

Likewise, Ms. Banze failed to prove the existence of an implied in fact contract. One element, a meeting of the minds on the destination of the goods, was not established. Furthermore, a court's factual find-

ing that no implied in fact contract exists can only be overturned when plainly wrong or unsupported by the evidence. *Robinson v. Jones,* D.C.App., 429 A.2d 1372, 1374 (1981). Ms. Banze failed to make such a showing.

■ Ms. Banze argues that AIE should have been estopped from denying that the individual in Matadi was its agent. However, at all times throughout the contractual relationship, Ms. Banze dealt only with AIE. She had no contact with the alleged agent in Matadi. Hence her reliance on an agency by estoppel theory is inappropriate.

■ There was a wide discrepancy between the value Ms. Banze gave for these goods and what the appellees and the trial court speculated was the value. Ms. Banze testified that she had shipped over $17,000 of assorted household and personal goods. The only evidence of the contents of the crate, beyond her assertions to support this figure, was a list of goods with their estimated prices reconstructed from memory two years after shipment. In weighing the credibility of Banze's oral testimony and the list of goods, Judge Malloy found this evidence inconsistent with the uncontested evidence of the size and weight of the shipping crate and that it was unlikely that these goods could have fit the crate in question. Judge Malloy gave more credence to the $1,000 insurance policy as evidence of the value of the shipment. He noted that given the uncertainties of international mailing, it was unlikely that Banze would have insured $17,000 of goods for only $1,000. We find no error in this conclusion.

*Affirmed.*