**NATIONAL VOTER CONTACT,
INC., Appellant,**

v.

**John M. VERSACE, a/k/a Michael
Rios, the Community, and
Community Computers, Appellees.**

No. 84–722.

District of Columbia Court of Appeals.
Argued Jan. 29, 1985.
Decided June 18, 1986.

Jacob Dweck, with whom Beverly J. Rudy, Washington, D.C., was on the brief, for appellant.

Richard G. Moore, with whom Stephen G. Cochran, San Antonio, Tex., was on the brief, for appellees.

Before MACK, FERREN and BELSON, Associate Judges.

MACK, Associate Judge:

This is an appeal from an order of the trial court in which it declined to reconsider a prior order dismissing the action. We hold that we have jurisdiction over the order dismissing the case, and we reverse.

## I.

This is an action for breach of contract, breach of warranty, fraud, conversion and negligence, arising out of the purchase of two computer systems by plaintiff-appellant National Voter Contact, Inc. ("NVC") from The Community, a nonprofit religious organization incorporated in the District of Columbia. NVC is a District of Columbia corporation, with its principal place of business in the District. NVC's complaint, dated January 11, 1984, named The Community, its unincorporated business arm, Community Computers, and an officer and agent of The Community, John M. Versace—with whom NVC had transacted business—as defendants. The complaint alleged that NVC had purchased computers, computer peripherals, and software from Community Computers, through its agent Versace, and that the equipment had failed to perform as promised. NVC also alleged that the defendants had warranted that they would correct any malfunctions, but failed to do so despite repeated requests; and that they had failed to either repair or return malfunctioning equipment delivered to them for repair.

The complaint alleges sufficient facts to support personal jurisdiction over the defendants. *See* D.C.Code § 13–422 (1981) (District of Columbia courts have personal jurisdiction over corporations organized under the laws of the District of Columbia); D.C.Code § 13–423(a)(2) (1981) (personal jurisdiction may be exercised over any person or commercial entity as to a claim for relief arising out of that entity's contracting to supply services in the District of Columbia); *see also Price v. Griffin*, 359 A.2d 582, 586 (D.C.1976) (managing director and agent of corporation doing business here is proper party upon whom to serve process).

On January 31, 1984, the defendants filed a joint motion to dismiss the complaint. Alternate grounds for dismissal were set forth in that motion: lack of personal jurisdiction and failure to state a claim. At issue on appeal is the motion to dismiss for lack of jurisdiction. Defendants did not dispute any of the jurisdictional facts set forth in the complaint; rather, they argued that the court had no personal jurisdiction over Versace, notwithstanding his status as agent of a District of Columbia corporation, because he is a resident of Virginia. They maintained, in addition, that the complaint had not set forth an adequate basis for personal jurisdiction over Community Computers, since the complaint did not specify the place the contract of sale was entered into, nor the place in which the various misrepresentations and breaches of warranty were alleged to have taken place. Defendants, however, did not allege that those acts had not taken place in the District; in addition, they did not dispute the fact that Community Computers does business in the District, nor did they attempt to argue that insufficient facts had been alleged as a basis for personal jurisdiction over defendant The Community.

NVC's response to the motion to dismiss was due on February 10, 1984, a Friday. On that date, all counsel entered into a stipulation by mutual agreement extending

by one week the time for the filing of the opposition. The stipulation was filed one business day late, however, on Monday, February 13. The Superior Court clerk therefore never entered it onto the docket.

Eleven days after the opposition to the motion to dismiss was due, on February 21, the motions judge, the Honorable Tim Murphy, reviewed the file. Finding no order extending time for the filing of an opposition, he granted the motion to dismiss the action as to all defendants for lack of jurisdiction, on the sole basis that the motion was unopposed and therefore conceded. Judge Murphy did not review the pleading or the complaint to determine whether there was any merit to the motion. Rather, he relied upon Super.Ct.Civ.R. 12–I(e), which provides, in part:

> A statement of opposing points and authorities shall be filed [in response to a motion] and served within ten days or such further time as the Court may grant. If a statement of opposing points and authorities is not filed within the prescribed time, the Court may treat the motion as conceded.

The court's order dismissing the case was dated February 21, 1984, and on that same day NVC's opposition was filed.[1] The dismissal order was not entered on the Superior Court docket until February 27.[2] On March 6, 1984, within ten days of entry of that order, NVC filed a letter with the court, which was microfilmed on March 29 and thereby docketed. Unaware that the stipulation extending the time for filing an opposition had never been accepted, counsel for NVC assumed that the court had granted the motion to dismiss as unopposed by mistake. Counsel explained that the motion was not unopposed, and that counsel had filed a stipulation extending time; he requested that the court vacate its dismissal order and consider the motion to dismiss on the merits.

The Civil Motions Commissioner then communicated with NVC and advised that reconsideration of the granting of the motion to dismiss should be sought in motion form. Counsel filed such a motion on March 21, with relief requested on the grounds of "mistake" by the trial court under Super.Ct.Civ.R. 60(b).[3] Counsel argued that the motion to dismiss had been granted only because the court had mistakenly believed that it was unopposed. Counsel argued, in addition, that the court had erred in dismissing the complaint without looking at the merits of the motion to dismiss, and alternatively, that dismissal was too harsh a sanction to impose for counsel's error in filing the extension of time stipulation one day late. On April 18, 1984, the court entered an order denying the requested relief, finding that counsel's failure to file opposing points and authorities in a timely fashion was "not a case of excusable neglect, just plain neglect." An appeal to this court was timely filed from that order.

On appeal, counsel for defendants-appellees notes that NVC's request for reconsideration in motion form was captioned as filed under Super.Ct.Civ.R. 60(b), a rule that does not toll the time for appeal, D.C. App.R. 4(a)(2), and that the motion was filed more than 10 days after the entry of the dismissal order and accordingly may not be considered under a rule that does toll the time for appeal. Counsel argues

---

**1.** The opposition was filed two business days later than the filing date specified in the (undocketed) stipulation.

**2.** *See* Super.Ct.Civ.R. 79(a) (date of microfilming is considered date of docket entry).

**3.** That Rule provides, in part:
> On motion and on such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

. . . . .

(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

that this court therefore has jurisdiction to consider only the question of whether the trial court abused its discretion in refusing to reconsider its February 27 order of dismissal, and that we may not consider the merits of the dismissal itself. We need not address these contentions,[4] however because we hold that NVC's March 6 letter to the court may be considered as equivalent to a motion that would toll the time for appeal to this court of the February 27 dismissal order.

Although technically not in motion form, counsel's letter substantially complied with the Superior Court rules relating to the filing of motions: it was "made in writing, [] state[d] with particularity the grounds therefor, and [] set forth the relief or order sought." Super.Ct.Civ.R. 7(b)(1). In addition, the letter was addressed to the Superior Court, contained the title of the action and the file number, Super.Ct.Civ.R. 10(a), and was signed by an attorney of record, Super.Ct.Civ.R. 11. A copy was sent to opposing counsel, see Super.Ct.Civ.R. 5(a), giving defendants notice and an opportunity to respond. The letter was apparently accepted for filing by the Civil Motions Commissioner, for it contains a microfilming stamp dated March 29, 1984.

■ We consider counsel's letter, delivered to the court within 10 days of the entry of the dismissal order and requesting vacation of that order on the ground that the court had erred as a matter of law in dismissing the case, to be equivalent to a motion to alter or amend a judgment under Super.Ct.Civ.R. 59(e).[5] This is so not only because the letter adverts to a mistake of fact (the court's mistaken belief that the plaintiff's motion was unopposed), which is commonly the basis only for a Rule 60(b) motion, but also, more fundamentally, because the letter refers to an attached copy of the opposition asserting that dismissal was premised on an error of law. See *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 46 (D.C.1978). Although in most cases we will not countenance haphazard compliance with the pleading requirements, in these special circumstances— where counsel delivered the letter reasonably believing that the court had overlooked counsel's stipulation, and opposing counsel suffered no prejudice by the filing in letter form—we make an exception, in keeping with the rule that "[a]ll pleadings shall be so construed as to do substantial justice," Super.Ct.Civ.R. 8(f). See *Colorado National Bank of Denver v. Merlino,* 35 Wash.App. 610, 615, 668 P.2d 1304, 1307–08 (1983) (considering letter from counsel to be equivalent to Rule 59(e) motion on similar facts).[6] Under D.C.App.R.

4. *See In re Tyree,* 493 A.2d 314, 318 (D.C.1985); *see also Moradi v. Protas, Kay, Spivok & Protas, Chartered,* 494 A.2d 1329 (D.C.1985), where we held that even in a case in which we lack jurisdiction to review an underlying order dismissing a complaint for failure to comply with Rule 12–I(e) (*i.e.,* where the motion for reconsideration is not filed within ten days of the Rule 12–I(e) dismissal and therefore must be considered as filed under a rule that does not toll the time for appeal), " 'the basic policy favoring resolution of litigation on the merits, requires us to review closely the exercise of that discretion' in any case, such as this one, in which the denial of the motion has foreclosed consideration of the merits." *Id.* at 1332 (citations omitted).

5. That Rule provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." *See Capozio v. American Arbitration Ass'n,* 490 A.2d 611, 614 n. 5 (D.C.1985); *Wallace v. Warehouse*

*Employees Union,* 482 A.2d 801, 804–05 (D.C. 1984). Following advice by the Civil Motions Commissioner, counsel subsequently filed for relief in motion form, on March 26, 1984. At that point, however, counsel was limited to requesting relief under Super.Ct.Civ.R. 60(b), since more than ten days had elapsed since the entry of the court's dismissal order. *In re Tyree, supra,* 493 A.2d at 317 n. 5.

6. *See also Bumpus v. Uniroyal Tire Co.,* 392 F.Supp. 1405, 1406 (E.D.Pa.1975) (letter adequate to constitute motion for new trial); *Kropf v. Board of Education,* 34 Misc.2d 8, 9, 228 N.Y.S.2d 62, 65 (1962) (letter calling court's attention to its failure to consider certain relief is considered as an application for reargument). In *Carr v. Brown,* 395 A.2d 79 (D.C.1978), this court considered a letter from counsel as "nothing more than" a request for an explanation of the court's order of dismissal. *Id.* at 81. The court had dismissed the complaint in that case

4(a)(2), a Rule 59(e) motion tolls the time for appeal to this court.

## II.

We proceed to consider the merits of the dismissal order. We find that the court was correct in its belief that the motion to dismiss was unopposed at the time it acted. The question before us is whether the trial court was correct in dismissing the action because the plaintiff failed to comply with the rules of the court, neglecting to file an opposition to a motion filed by the defendants within the time specified by rule. *Braxton v. McNamara*, 429 A.2d 183, 185 (D.C.1981) (per curiam) (abuse of discretion standard applied to dismissal under Rule 12–I(e)).

■ In construing Rule 12–I(e), preliminarily it must be noted that the Rule is precatory, not mandatory; it says only that the trial court *may*, not that it *must*, treat an unopposed motion as conceded. *See Town Center Management Corp. v. Chavez*, 373 A.2d 238, 242 n. 5 (D.C.1977) (no error in refusing to grant relief requested in unopposed motion). By conveying authority to grant unopposed motions for extensions of time, for compelled discovery, for withdrawal of counsel, for any of the myriad other types of relief that may be requested from the trial court in the course of litigation, Rule 12–I(e) is a superior judicial housekeeping device. Although the cause of judicial efficiency and case management is also served by the use of the rule to dismiss cases when a statement of opposing points and authorities has not been filed in the time set by rule in response to a motion to dismiss, this use of Rule 12–I(e) must be given careful scrutiny. For it is axiomatic that the sanction of dismissal—the most severe sanction available in the trial court's arsenal—must be used "sparingly," *Frazier v. Center Motors Inc.*, 418 A.2d 1018, 1020 (D.C.1980), in keeping with our well-established preference for deciding cases on their merits. *Durham v. District of Columbia*, 494 A.2d 1346, 1350 (D.C.1985); *Garces v. Bradley*, 299 A.2d 142, 144 (D.C.1973). We must carefully balance the benefits to the administration of justice by an interpretation of Rule 12–I(e) that would allow the trial courts to grant motions to dismiss on the sole ground that no timely opposition has been filed, against the costs to litigants of foreclosure of their cause of action, in many cases—as here—simply because counsel has committed a technical error.

■ In addition, we cannot construe Rule 12–I(e) in a vacuum. The Superior Court Civil Rules permit dismissal as a sanction in several types of cases, most notably when counsel has failed to comply with rules of court. Super.Ct.Civ.R. 41(b).[7] Dismissal is also permitted when counsel fails to appear at a pretrial conference, Rule 16–II,[8] and when a party fails to com-

without explanation on September 27, 1977. Counsel's letter was delivered on September 29 and requested clarification of the court's ruling. On October 6 the court reaffirmed its earlier order. On October 17 counsel filed a motion for reconsideration, and then on October 26, a notice of appeal. The court did not rule on the motion for reconsideration until November 8. The question before this court was whether it had jurisdiction over the dismissal order at all: we found that we would have jurisdiction over the appeal only if the initial order, of September 27, was final, since the notice of appeal was timely only as to that order. On the other hand, if counsel's letter of September 29 had tolled the time for appeal, and the later order was therefore considered the final order, we would have had no jurisdiction. In *Carr*, the court was able to construe the pleadings so as to do "substan-

tial justice," and to preserve our jurisdiction, by finding that counsel's letter—which requested only clarification—was not equivalent to a motion for reconsideration. Here, in contrast, counsel's letter specifically requested that the court's order be vacated; and in this case, in addition, we do "substantial justice" by construing counsel's letter as a motion to vacate the judgment under Super.Ct.Civ.R. 59(e).

7. That Rule provides, in pertinent part: "For failure of the plaintiff to ... comply with these rules ... a defendant may move for dismissal of an action or of any claim against him."

8. Rule 16–II provides, in part:
 If counsel ... fails to appear at a pretrial, settlement, or status conference, the court may enter a default, a dismissal of the case

ply with discovery orders, Rule 37(b)(2)(C).[9] In contrast to Rule 12–I(e), which does not specifically provide for the possibility of a dismissal sanction as a penalty for failing to file opposing points and authorities, the above rules explicitly permit dismissal in certain instances. Notwithstanding this express authority to dismiss, however, we have confined the trial court's discretion to employ this most severe of sanctions to egregious cases. Furthermore, under each one of those rules, we have held that the sanction of dismissal may be imposed only after less dire alternatives have been explored—*e.g.*, a fine, costs, attorneys' fees, an order of contempt—without success. *See LaPrade v. Lehman,* 490 A.2d 1151, 1155–56 (D.C.1985) (dismissal under Rule 41(b) for failure to comply with court rules); *Vernell v. Gould,* 495 A.2d 306, 311 (D.C.1985) (dismissal as sanction for failure to comply with discovery orders under Rule 37); *Durham v. District of Columbia, supra,* 494 A.2d at 1350 (dismissal under Rule 16–II for failure to appear at pretrial conference).

The very same analysis has been applied to dismissals under Rule 12–I(e). In *Braxton v. McNamara, supra,* we held that the principles set forth in cases decided under Rule 41(b) and under Rule 37 are equally "applicable to matters governed by Super. Ct.Civ.R. 12–I(e)—that is, trial courts should not dismiss when an untimely filing has not prejudiced the other party and another, less severe, alternative is available." 429 A.2d at 184–85 n. 1. In this case, unlike *Braxton,* the trial court was unaware that plaintiff's counsel intended to oppose the motion to dismiss at the time the dismissal order was signed. Nevertheless, in light of the strong " 'judicial preference for a decision on the merits,' " *id.* at 184 (citation omitted), we cannot countenance a dismissal that follows from a single and short-lived instance of counsel's failure to comply with court rules. Such a result would in effect be a circumvention of the guidelines we have set forth for the exercise of discretion to dismiss for failure to comply with court rules under Rule 41(b). The dismissal of a case under that Rule on the sole basis that plaintiff's counsel had failed to file a single document under circumstances like those present here would almost invariably be an abuse of discretion, *see LaPrade v. Lehman, supra.* This principle was developed further by our recent decision in *Durham v. District of Columbia, supra.* There we said that in most cases a single failure to appear at a pretrial conference would not be sufficient to warrant the dismissal of the action, notwithstanding the inconvenience to the court and to opposing counsel occasioned by the failure to appear. *Id.* at 1350–51. Here, opposing counsel concedes that the late filing of the opposition gave rise to no prejudice. For this reason, "the extreme remedy of dismissal for [NVC's] failure to answer [its] adversary's motion," especially in light of the fact that "there is no resulting prejudice and [] other, less extreme alternatives are available," *Braxton, supra,* 429 A.2d at 184, was an abuse of discretion.

■ We hold that the trial court abused its discretion in refusing to grant relief from its order of dismissal under the circumstances of this case where, promptly after dismissal, appellant made the court aware that appellant had made an effort, albeit flawed, to extend the time to oppose the motion, where the opposition was only slightly late, where the tardy filing showed on its face that appellant had substantial grounds upon which to oppose the motion, and where there was no prejudice to appellees.

*Reversed and remanded.*

---

9. Rule 37(b)(2) provides:
 If a party ... fails to obey an order to provide or permit discovery ... the Court may make with or without prejudice, or take such other action, including the imposition of penalties and sanctions, as may be deemed appropriate.

such orders in regard to the failure as are just, and among others the following:

(C) An order ... dismissing the action....