Memorandum. The order of the Appellate Division should be affirmed, without prejudice to any claim appellant may have against the Commissioner of Education.
The salient facts are outlined in the memorandum at the Appellate Division.
As it appears that a hearing panel, convened pursuant to Part 83 of the regulations of the commissioner, has heard the evidence and determined that the permanent certificate issued to appellant should not be revoked, that part of the proceeding brought to have such panel convened and such hearing held is now moot and is not reached. Similarly, as the Com *959 missioner of Education, by his order of April 15, 1977, has vacated his previous order of January 24, 1973, which had enjoined the board of education from re-employing and reinstating appellant to the teaching staff of the Lackawanna City School District, court relief is no longer necessary on that question.
Appellant does not seek back pay for the time prior to February 1, 1973, but only for a period thereafter and solely from the board of education. It is undisputed that the board was willing at all times to accept his services and to compensate him therefor but was prevented therefrom only by virtue of the order and authority of the Commissioner of Education. Under such circumstances, the board of education should not be required to make payment to appellant (cf. Matter of Meliti v Nyquist, 41 NY2d 183, 187-188). This is not an instance in which the teacher was suspended by action of the board of education (see Matter of Jerry v Board of Educ., 35 NY2d 534).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs, in a memorandum.