■ FREDERICK PORDUM, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61310.)—Judgment affirmed, without costs. Memorandum: We find that the Commissioner of Education had sufficient authority under Education Law §§ 308, 305 (7) to direct the City of Lackawanna Board of Education not to reinstate petitioner until the hearing concerning his fitness to possess a teaching certificate had been concluded (*see, Laurence Univ. v State of New York,* 41 AD2d 463; and *see generally, Matter of Board of Educ. v Allen,* 6 NY2d 127, 138). Under the circumstances, the Commissioner's exercise of that authority was not an abuse of discretion. Because the Commissioner's conduct was proper, claimant has no cause of action in tort. Inasmuch as there was no employment relationship with the State, petitioner has no claim for back pay based on contract (*cf. Matter of Jerry v Board of Educ.,* 35 NY2d 534).

All concur, except Callahan, J., who dissents and votes to reverse and remit the matter, in accordance with the following memorandum.

Callahan, J. (dissenting). In my view, the Court of Claims

erred in denying claimant's motion for summary judgment and granting the State's cross claim for summary judgment dismissing his claim for back pay during the period that the school district was enjoined by the Commissioner from employing him. "Compensation is a matter of such substantive right on the part of the teacher that * * * it cannot be taken away from him except pursuant to explicit statutory authorization" (*Matter of Jerry v Board of Educ.*, 35 NY2d 534, 541-542). The Commissioner's order of January 24, 1973, enjoining the school district from reemploying claimant pending a hearing simultaneously ordered by the Commissioner pursuant to Education Law § 305 (7) as to why claimant's teaching certificate should not be revoked, constituted a "predetermination" which interfered with claimant's contractual right to earn compensation in advance of such hearing. Education Law § 305 (7), like Education Law § 3020-a, contains no explicit statutory predetermination authorization. While the Commissioner has authority to annul claimant's teaching certificate, he may do so only after a hearing (*see,* Education Law § 305 [7]; § 308). Since claimant has a contractual right to reinstatement and the school district had agreed to reinstate him as of February 1, 1973, he is entitled to receive compensation from that date. It has been determined that the Board of Education of the City of Lackawanna is not liable for any back pay as it "was willing at all times to accept his services and to compensate him therefor but was prevented therefrom only by virtue of the order and authority of the Commissioner of Education" (*Matter of Pordum v Nyquist,* 42 NY2d 958, 959). This determination by the Court of Appeals was "without prejudice to any claim appellant [Pordum] may have against the Commissioner of Education" (*Matter of Pordum v Nyquist, supra*). The cases dealing with the immunity a public officer enjoys for acts of a discretionary or quasi-judicial nature are not applicable to the claim here because the Commissioner, in enjoining the school district from employing claimant, acted beyond the scope of his statutory authority (*see, Teddy's Drive In v Cohen,* 47 NY2d 79; *cf. Tango v Tulevich,* 61 NY2d 34). (Appeal from judgment of Court of Claims, Moriarty, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.