■ In the Matter of GEORGE H. KURLAND, Appellant, v JOHN J. McLAUGHLIN, as President of the New York City Health and Hospitals Corporation, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the denial of the petitioner's application for a position as a Senior Health Care Investigator, the appeal, as limited by the petitioner's brief, is from so much of a judgment of the Supreme Court, Queens County (LeVine, J.), dated October 4,

1985, as, upon reargument, adhered to the original determination dismissing as time barred that portion of the petition which sought the review of the denial of the appointment without prejudice to renewal of that portion of the petition as sought disclosure of information under the Freedom of Information Law (FOIL; Public Officers Law art 6).

Judgment modified, on the law, by deleting from the second decretal paragraph the phrase "upon proper papers" and substituting therefor the phrase "upon exhaustion of administrative remedies". As so modified, judgment affirmed, with one bill of costs to the respondents.

In March 1979, the petitioner was placed on the list of eligible candidates for the position of Senior Health Care Investigator after passing the appropriate civil service examination. On July 19, 1983, the petitioner was interviewed and was turned down for a position at Bronx Municipal Hospital. On July 25, 1983, the promotional list was terminated. The petitioner thereafter filed an improper practice petition against the respondent New York City Health and Hospitals Corporation on August 18, 1983. The petition was subsequently dismissed on February 2, 1984. On March 30, 1984, the petitioner, through his attorney, demanded his appointment to the position and asked that the demand be considered his last appeal within the administrative structure. The letter also requested certain information under FOIL. The petitioner's request to be promoted was denied on April 26, 1984. On June 15, 1984, the petitioner commenced the instant CPLR article 78 proceeding.

The petitioner's CPLR article 78 proceeding was properly dismissed as untimely pursuant to CPLR 217 which provides for a four-month Statute of Limitations. Because the petitioner's proceeding was by way of mandamus to review, the Statute of Limitations began to run from the date that the administrative determination became final and binding and the petitioner was clearly aggrieved by it (*Matter of Lubin v Board of Educ.*, 60 NY2d 974, *rearg denied* 61 NY2d 905, *rearg denied* 62 NY2d 803; *Matter of De Milio v Borghard*, 55 NY2d 216; *Matter of Martin v Ronan*, 44 NY2d 374). The petitioner was clearly aggrieved on July 25, 1983, the day upon which he was informed that the promotional list was being terminated, because an individual cannot be promoted by means of an expired promotion list (*Matter of Tanzosh v New York City Civ. Serv. Commn.*, 44 NY2d 906). The petitioner's institution of an improper practice proceeding and his letter of demand which was at most an application for reconsideration, did not

toll the Statute of Limitations *(see, Matter of De Milio v Borghard, supra).*

The petitioner's demand for relief pursuant to his FOIL request is not properly before this court. Before a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies (Public Officers Law § 89 [4] [a]). To the extent that petitioner claims his requests were not fully complied with, he should direct his request for further information to the head of the agency possessing the documents he wishes to inspect. If the request is then denied, the petitioner will have appropriate recourse in the courts through a CPLR article 78 proceeding (Public Officers Law § 89 [4] [b]). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.