■ In the Matter of ALAN NEWTON, Appellant, v POLICE DEPARTMENT OF CITY OF NEW YORK et al., Respondents.— Judgment of the Supreme Court, New York County (Leland DeGrasse, J.), entered on October 25, 1990, which granted respondents' cross-motion to dismiss this petition pursuant to CPLR article 78, is unanimously reversed on the law, the cross-motion to dismiss the petition denied and the petition granted to the extent of authorizing petitioner to appeal the partial grant of material with respect to Indictment No. 2054/ 84 and directing respondents to review the requested records relating to Indictment No. 2441/84 and either release them to petitioner within five days after the date of this order or specify within fifteen days and with particularity the reasons for their refusal to do so, without costs and disbursements.

Petitioner, an inmate at the Elmira Correctional Facility and acting *pro se,* instituted this proceeding pursuant to CPLR article 78 after respondents failed to respond to his two separate requests for material under New York Public Officers Law § 89 (3), New York's Freedom of Information Law (FOIL). According to section 89 (3): "Each entity subject to the provisions of this article, within five business days of the receipt of a written request for a record reasonably described, shall make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgment

of the receipt of such request and a statement of the approximate date when such request will be granted or denied, including, where appropriate, a statement that access to the record will be determined in accordance with subdivision five of this section. Upon payment of, or offer to pay, the fee prescribed therefor, the entity shall provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search."

In that regard, petitioner, by letter dated June 25, 1989, had sought "a copy of the file compiled during the investigation which led to the criminal action entitled *People of the State of New York—versus—Newton,* Bronx County Indictment No. 2441/84 and all documents contained therein." At around the same time in another letter, he asked for information concerning Indictment No. 2054/84. However, the Records Access Officer did not respond until October of 1989 when he advised petitioner that his FOIL request was under review. On March 15, 1990, petitioner wrote to inquire of the progress being made with his demands, but respondents took no action until after he had commenced the instant proceeding when, by letter dated July 27, 1990, they sent him a number of documents with respect to Indictment No. 2054/84. In addition, certain other material was deemed unacceptable. Thus, respondents stated that:

"Complaint follow-up reports are not accessible for the following reasons:

"(a) The records are compiled for law enforcement purposes and which if disclosed, would identify a confidential source or disclosed *[sic]* confidential information relating to a criminal investigation. Sec. 87 (2) (e) (iii) Public Officers Law.

"(b) Disclosure would endanger the life or safety of any person. Sec. 87 (2) (f) Public Officers Law.

"(c) Disclosure would reveal criminal investigation techniques or procedures, except routine techniques or procedures. Sec. 87 (2) (e) (iv) Public Officers Law *(Supra)."*

Thereafter, respondents cross-moved for dismissal on the ground of failure to assert a cause of action. They urged that petitioner's claims were moot since his request had already been met and, moreover, he had not exhausted his administrative remedies since he had not appealed to the Police Department the partial denial of his FOIL demand. Petitioner replied by noting that respondents had never responded to his

request insofar as it involved Indictment No. 2441/84, and he rejected the argument that he was not in compliance with the statutory requirements for initiating an article 78 proceeding. The Supreme Court subsequently determined that:

"An action by respondent during pendency of litigation of an Article 78 Action, renders petitioner's claims moot. *(Pordum v. Nyquist,* 42 NY2d 958). The branch of the petition seeking declaratory relief because of respondent's earlier failure to provide petitioner an approximate date upon which his FOIL request would be acted upon, has been obviously obviated by respondent's recent agreement to comply with petitioner's request and is thus moot.

"The second branch of petitioner's Article 78 petition to this court that the Police Department furnish his entire arrest file to him, is denied. This court does not have subject matter jurisdiction. A person denied access to certain information requested under FOIL must appeal the denial in writing to the agency's appropriate person or entity within 30 days, (Public Officers Law § 89 (4) (a)). Petitioner has not done so. Before a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies. *(Matter of Kurland v. McLaughlin,* 122 AD2d 947, 949). The Police Department has informed petitioner that 5 pages of documents from his arrest file are available to him. There is no record that petitioner has appealed this determination. Thus, petitioner's demand for relief pursuant to his FOIL request is not properly before this court."

Petitioner then complained to the court that while he had received some documents relating to Indictment No. 2054/84, his FOIL application with respect to Indictment No. 2441/84 had been ignored. Therefore, he contended, his petition should be held in abeyance until respondents provide him with the materials for Indictment No. 2441/84. Respondents have explained that they inadvertently learned of this request only when they examined the file in connection with the instant appeal, and "the fact that no final determination was made with respect to [petitioner's] second FOIL request has been communicated to the Police Department, which is currently preparing a response." However, petitioner states that respondents' misunderstanding is simply the product of the failure to respond diligently to his applications and that, further, since respondents have not demonstrated that the information sought was exempt under the statute, he is entitled to the entirety of his FOIL requests.

It is clear that respondents did not conform with the mandates of Public Officers Law § 89 (3) when they did not make petitioner's records available within the five business days specified therein or deny the requests in writing or furnish a written acknowledgment of the receipt of those requests along with a statement of the approximate date when action would be taken. Yet, where the relief being sought is supplied during the pendency of litigation, the matter becomes moot *(see, Matter of Pordum v Nyquist,* 42 NY2d 958, *supra).* Accordingly, respondent's provision of documents regarding Indictment No. 2054/84 shortly after the petition was filed rendered moot that portion of petitioner's claim. Although the failure to appeal administratively an agency's adverse FOIL ruling within the thirty day period specified in Public Officers Law § 89 (4) (a) would normally preclude judicial review *(Matter of Kurland v McLaughlin,* 122 AD2d 947, *supra),* respondents' laxity in addressing petitioner's request until legal action had been commenced warrants that he be permitted to appeal the partial production of the documents for Indictment No. 2054/84 notwithstanding the passage of more than thirty days. Until and unless petitioner perfects his administrative appeal, he is not entitled to judicial relief with respect to this indictment. As for Indictment No. 2441/84, there is no doubt that respondents have not fulfilled the dictates of Public Officers Law § 89 (3), and, consequently, petitioner is deemed to have exhausted his administrative remedies and may maintain this article 78 proceeding *(Matter of Floyd v McGuire,* 87 AD2d 388). Respondents are directed to review the materials relating to Indictment No. 2441/84 and either release them to petitioner or elaborate, with particularity, the reason for their refusal to do so. Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.