In the Matter of TINKER STREET CINEMA, Appellant, v STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Respondents. [678 NYS2d 124] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation dated December 17, 1996, *inter alia*, directing the cessation of work at the petitioner's property, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), dated September 29, 1997, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the petitioner's contention, the determination of

the Department of Transportation (hereinafter DOT) to issue a stop work order was consistent with its regulatory powers and expressly authorized by law. The petitioner's application for a highway work permit did not disclose the actual scope of the work for which it was seeking approval, or the impact which it would have on traffic flow. Highway Law § 52 provides that, with respect to driveway entrance permits, the DOT shall take into consideration "the traffic which will be generated by the facility within the reasonable foreseeable future", and "the extent to which such facility may impair the safety and traffic carrying capacity of the existing state highway and any proposed improvement thereto within the reasonably foreseeable future". Moreover, 17 NYCRR 125.10 (a) (3) (xvi) provides that the DOT may require a commercial driveway applicant to provide "any additional information" that it deems necessary. Upon ascertaining the full extent of the project in question, the DOT, in accordance with the above provisions, requested that the petitioner prepare a traffic impact study regarding the project's effect on the traffic flow of Route 212, a state highway. When the petitioner failed to submit the required information, the DOT properly issued a stop work order under 17 NYCRR 125.2 (c), which states that "[i]f a property owner, lessee or agent, fails to comply with the terms of a permit * * * the department may halt the activity for which a permit is required until adequate corrections have been made". (i.e. until the petitioner submitted a sufficient traffic impact study).

With respect to the petitioner's claim that the DOT's stop permit work order was issued as a result of political pressure, there is simply no record evidence that such pressure was exerted on the DOT with regard to the petitioner's project.

The petitioner's Freedom of Information Law claim is not properly before this Court. Public Officers Law § 89 (4) (a) provides that a person denied access to requested information under the Freedom of Information Law must appeal the denial in writing to the head of the appropriate agency within 30 days, a process explained by the DOT in its letter of April 17, 1997 (see, Matter of Newton v Police Dept., 183 AD2d 621, 623). Here, the record fails to establish that the petitioner followed this procedural path. It is well established that "[b]efore a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies" (Matter of Kurland v McLaughlin, 122 AD2d 947, 949; see, Matter of Newton v Police Dept., 183 AD2d 621, supra; Public Officers Law § 89 [4] [b]).

Accordingly, the proceeding was properly dismissed. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.