■ In the Matter of Donovan Coleman, Appellant, v New York City Police Department, Respondent. [723 NYS2d 494]

—Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about August 2, 1999, which denied the petition and granted the City's cross motion to dismiss the proceeding, unanimously reversed, on the law, without costs, the cross motion denied, and the petition granted to the extent of directing respondent to either release the requested ballistics reports to petitioner within 30 days of the date of this order or to provide him with a statement explaining with particularity why these documents are exempt from disclosure.

Following his conviction in December 1992 of attempted murder in the second degree, assault, possession of a weapon and resisting arrest (see, People v Coleman, 225 AD2d 705, lv denied 88 NY2d 982), a Freedom of Information Law (FOIL) request was filed on behalf of petitioner in February of 1998, seeking copies of the complaint and arrest reports, the 911/Sprint tape transmission, and ballistics reports for two guns involved in the crimes. Petitioner further asserts that he made two previous FOIL requests, in October of 1997 and in January of 1998, but received no response to either.

Petitioner received confirmation of the request at issue by a letter dated February 17, 1998, from Lieutenant Glen Suarez of the New York City Police Department (NYPD), stating that the records sought were "at least partly disclosable under FOIL," but that they would have to be located and reviewed to assess any possible exemptions and that such review would probably take 120 days. Petitioner received no further response to his FOIL request during the following 120-day period.

The NYPD's FOIL Unit did not respond to petitioner's FOIL request until its correspondence dated September 14, 1998, with which was forwarded to petitioner the requested On-line Booking Sheet, Arrest Report, Sprint Report, and Property Clerk Invoice. The form letter response contained no mention of the requested ballistics reports. It did, however, inform petitioner of his right to appeal in writing within 30 days, and included the address of the special counsel to the Records Access Appeals Officer.

The underlying CPLR article 78 petition, verified by petitioner on September 22, 1998, clearly was drawn up before petitioner became aware of respondent's September 14, 1998 response to the FOIL request, inasmuch as the petition alleged complete non-compliance with the FOIL request. Because respondent had, in the interim, responded to the FOIL request, it cross-moved to dismiss the proceeding as moot; alternatively, it sought dismissal for a failure to exhaust administrative remedies. The IAS court granted the cross motion "without opposi-

tion," although respondent concedes that its cross motion was not in fact unopposed, in that petitioner served an affidavit in response to the motion, to which respondent subsequently submitted a reply affirmation.

Under the circumstances presented here, the FOIL request should have been remanded to respondent for a response regarding petitioner's request for the two ballistics reports.

"Under FOIL, government records are presumptively open for public inspection and copying unless a statutory exemption applies * * * [S]uch exemptions are to be narrowly construed, with the burden resting on the agency to provide particularized reasons why the material in question is exempt" (*Matter of Bellamy v New York City Police Dept.*, 272 AD2d 120, 123 [citations omitted]; *see also*, Public Officers Law § 89 [4] [b]).

Given the incomplete, belated response to the FOIL request, which neither turned over nor explained the failure to turn over the ballistics reports, the petition cannot be viewed as moot.

Nor does petitioner's failure to take a timely administrative appeal present a proper basis for a final dismissal on the merits of his claim. While the letter/FOIL response clearly explained the right to appeal and the 30-day deadline, petitioner had, after waiting months longer than the outside time frame set by respondent's agent, already set in motion the filing of the article 78 proceeding by the time it was sent. "[R]espondents' laxity in addressing petitioner's request until legal action had been commenced warrants that he be permitted to appeal the partial production of the documents" (*Matter of Newton v Police Dept.*, 183 AD2d 621, 624). The remainder of petitioner's FOIL request must therefore be addressed by respondent at this time. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.