■ In the Matter of EAST END RESOURCES, LLC, Appellant, v TOWN OF SOUTHOLD PLANNING BOARD et al., Respondents. [917 NYS2d 315]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus, to compel the respondents to conduct a public hearing pursuant to Town Law § 274-a (8) on the petitioner's site plan application and action, inter alia, to recover damages for violation of constitutional rights pursuant to 42 USC § 1983, the petitioner/plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Sgroi, J.), dated October 8, 2009, as, upon an order of the same court dated May 28, 2009, among other things, converting that branch of the respondents/defendants' motion which was pursuant to CPLR 7804 (f) to dismiss the third cause of action into a motion for summary judgment dismissing that cause of action, granted that branch of the motion and dismissed the third cause of action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the determination in the order dated May 28, 2009, converting that branch of the respondents/defendants' motion which was pursuant to CPLR 7804 (f) to dismiss the third cause of action into a motion for summary judgment dismissing that cause of action is vacated, that branch of the respondents/defendants' motion which was pursuant to CPLR 7804 (f) to dismiss the third cause of action is denied, and that cause of action is reinstated; and it is further,

Ordered that the respondents/defendants' time to serve an answer to the petition/complaint is extended until 20 days after service upon them of a copy of this decision and order with notice of entry.

On November 16, 2006, East End Resources, LLC (hereinafter East End), submitted a site plan application (hereinafter the 2006 application) to the Town of Southold Planning Board

(hereinafter the Planning Board), seeking approval for the construction of a 24-unit senior housing development on a parcel of property of approximately 6.75 acres (hereinafter the parcel). The parcel is located on the north side of Main Road in the Hamlet of Southold, and is in the Hamlet business zoning district. The parcel is improved with a single-family residence and appurtenant accessary structures, and is separated from Main Road by two lots, which are improved with three multi-story commercial buildings and appurtenant parking facilities. There are also several other commercial and retail buildings along Main Road. It is undisputed that the Planning Board's review of the 2006 application was not conducted within the periods of time set forth in the Southold Town Code and the Town Law. Subsequently, on October 21, 2008, East End submitted an amended site plan application (hereinafter the 2008 application). By verified petition/complaint dated November 14, 2008, East End commenced this hybrid proceeding and action asserting, inter alia, causes of action seeking CPLR article 78 relief based upon the allegedly deliberate and systematic delay of the review of its site plan application by the Planning Board and the respondents/defendants Town of Southold Town Board, Town of Southold Planning Department, and Southold Town Clerk (hereinafter collectively the respondents). In the third cause of action, East End sought relief pursuant to CPLR article 78 in the nature of mandamus to compel the respondents to conduct a public hearing on the 2008 application pursuant to Town Law § 274-a (8).

On January 20, 2009, while the proceeding and action was pending, the Planning Board notified East End that it "accepted the [2008] application for review with revisions." The Planning Board also preliminarily classified the 2008 application as an "unlisted action" under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), declared its intent to act as the lead agency conducting the environmental review required by SEQRA, and scheduled a preliminary public hearing on the 2008 application for February 23, 2009, pursuant to Southold Town Code § 280-137D. The respondents thereafter moved pursuant to CPLR 7804 (f) to dismiss, inter alia, the third cause of action, arguing that it had been rendered academic since the Planning Board had conducted a preliminary hearing on the 2008 application and commenced SEQRA review.

The Supreme Court converted the motion into a motion for summary judgment. Thereafter, the Supreme Court, among other things, granted that branch of the respondents' motion which was for summary judgment dismissing the third cause of

action, and dismissed that cause of action. We reverse the order and judgment insofar as appealed from.

That branch of the respondents' motion which was to dismiss the third cause of action was, in the first instance, based on an objection in point of law (*see* CPLR 7804 [f]). A motion pursuant to CPLR 7804 (f) must be determined solely on the allegations contained in the petition, and we must deem all allegations in the petition to be true on such a motion (*see Matter of McComb v Reasoner*, 29 AD3d 795, 797 [2006]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]; *Matter of Zaidins v Hashmall*, 288 AD2d 316, 316-317 [2001]). Moreover, "CPLR article 78 proceedings are summary in nature and, thus, a motion for summary judgment addressed to the merits of the petition is unnecessary" (*Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1006 [2009] [citations omitted]; *see Nabors v Town of Somers*, 72 AD3d 769, 772 [2010]; *Matter of Whitted v City of Newburgh*, 65 AD3d 1365, 1368-1369 [2009]). Accordingly, where, as here, the Supreme Court concludes that the papers submitted on a motion pursuant to CPLR 7804 (f) are insufficient to render a determination, the proper procedure is not to convert the motion into one for summary judgment, but to deny the motion, direct the respondents to submit an answer without prejudice to their right to assert appropriate affirmative defenses, and resolve the issue presented by the motion as part of its ultimate disposition of the proceeding.

With respect to the merits of that branch of the motion which was to dismiss the third cause of action, and contrary to the conclusion of the Supreme Court, the papers were sufficient to render a determination, and the respondents failed to establish that the Planning Board's processing of the 2008 application during the pendency of this proceeding and action rendered that cause of action academic (*see Matter of Pordum v Nyquist*, 42 NY2d 958, 958-959 [1977]; *Matter of Newton v Police Dept. of City of N.Y.*, 183 AD2d 621, 621 [1992]). In this regard, Southold Town Code § 280-131H requires the Planning Board to hold a "public hearing" on a site plan application; Town Law § 274-a (8) requires the Planning Board to "conduct a public hearing within sixty-two days from the day an application is received." Although the respondents have demonstrated that, on February 23, 2009, the Planning Board held a preliminary hearing pursuant to Southold Town Code § 280-137D on the 2008 application, and declared its intent to be lead agency for purposes of SEQRA review, the limited record before us establishes that the Planning Board did not hold a "public hearing" pursuant to Town

Law § 274-a (8) on the 2008 application. A preliminary hearing and a public hearing are not equivalents for the purpose of compliance with the Southold Town Code. In this regard, section 280-137D of the Southold Town Code recites that, "[p]rior to and in addition to the public hearing required by § 280-131H, the Planning Board shall hold a separate preliminary hearing on the application with notice." Accordingly, that branch of the respondents' motion which was to dismiss the third cause of action should have been denied, and that cause of action must be reinstated.

The respondents' remaining contentions are without merit. Dillon, J.P., Covello, Florio and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32408(U).]**