■ JANE DOE et al., Respondents, v LAKE GROVE SCHOOL et al., Defendants. SUFFOLK COUNTY POLICE DEPARTMENT, Nonparty Appellant. [968 NYS2d 538]—

In an action, inter alia, to recover damages for negligence, the nonparty Suffolk County Police Department appeals from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 2, 2012, as granted that branch of the plaintiffs' motion which was to direct it to disclose to them all contact information concerning the defendants John Doe 1 and John Doe 2.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the plaintiffs' motion which was to direct the nonparty Suffolk County Police Department to disclose to them all contact information concerning the defendants John Doe 1 and John Doe 2 is denied.

On or about February 1, 2011, the infant plaintiff, then 16 years of age and a student at the Lake Grove School in Suffolk County, allegedly was abducted from the school by two male students, held against her will, and sexually assaulted in the bathroom of a nearby store. The infant plaintiff reported the incident to the Suffolk County Police Department (hereinafter the SCPD) and identified the two male students as the perpetrators. Thereafter, the plaintiffs filed with the SCPD an "Application for Public Access to Records," pursuant to the Freedom of Information Law, seeking, in sum and substance, all reports concerning this incident. On November 9, 2011, the SCPD partially granted the application by providing the plaintiffs with a copy of its Supplementary Report dated April 25, 2011, which indicated, inter alia, that the case was closed. In the copy provided, the names and current whereabouts of the two male students, who were never arrested or prosecuted, were redacted. The reason for the redactions was that disclosure of such information would result in an unwarranted invasion of personal privacy pursuant to Public Officers Law § 87 (2) (b). In partially granting the application, the SCPD advised the plaintiffs of the right to appeal the determination to the Suffolk County Attorney within 30 days.

As relevant here, on January 30, 2012, the plaintiffs commenced this action against, among others, the Lake Grove School and the two male students, identified in this action as John Doe 1 and John Doe 2 (hereinafter together the John Doe defendants), inter alia, to recover damages for negligence. Shortly thereafter, the plaintiffs moved, among other things, to direct the nonparty SCPD to disclose the full names, addresses, and contact information for the John Doe defendants. The Supreme Court granted that branch of the motion which was to direct the SCPD to disclose to the plaintiffs all contact information concerning the John Doe defendants, including last known addresses and social security numbers.

Pursuant to Public Officers Law § 89 (4) (a), a person denied access to requested information under the Freedom of Information Law must appeal the denial in writing to the head of the entity or other designated person within 30 days (see *Matter of Tinker St. Cinema v State of N.Y. Dept. of Transp.*, 254 AD2d 293, 294 [1998]). Here, as the record does not establish that the plaintiffs followed this procedural path, the SCPD is correct

that the plaintiffs failed to exhaust their administrative remedies and, thus, could not resort to a judicial forum to gain relief (*see Matter of Kurland v McLaughlin*, 122 AD2d 947 [1986]; *Matter of Jamison v Tesler*, 300 AD2d 194 [2002]; *Matter of Mc-Griff v Bratton*, 293 AD2d 401 [2002]; *Matter of Newton v Police Dept. of City of N.Y.*, 183 AD2d 621, 623 [1992]).

Accordingly, the Supreme Court erred in granting that branch of the plaintiffs' motion which was to direct the SCPD to disclose to the plaintiffs all contact information concerning the John Doe defendants. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.