■ In the Matter of BRADHURST SITE CONSTRUCTION CORP., Appellant, v ZONING BOARD OF APPEALS, TOWN OF MOUNT PLEASANT, et al., Respondents. [10 NYS3d 250]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals, Town of Mount Pleasant, dated July 14, 2011, which, after a hearing, denied the petitioner's appeal of a Code Enforcement Appearance Ticket dated September 17, 2010, issued by the respondent Building Inspector, Town of Mount Pleasant, and action for declaratory relief, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered July 16, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the contention of the petitioner/plaintiff (hereinafter the petitioner), it failed to establish that its use of the subject property as a maintenance garage and truck storage facility was a preexisting nonconforming use which existed at the time of the enactment of the Town of Mount Pleasant Zoning Code (hereinafter the Zoning Code) in 1928, and that it continued uninterrupted thereafter except for a period of one year or less (see Zoning Code § 218-78; *Jones v Town of Carroll*, 15 NY3d 139, 143 [2010]; *Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127 [2010]; *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278 [1980]). The Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the ZBA) determined that a use variance issued in 1931 to a prior owner limited the subject property to a specific use, i.e., a sand and gravel operation, which use was discontinued in or around 1950, and that the petitioner's subsequent use of the subject

lot as a maintenance garage and truck storage facility was a change to a different nonconforming use, rather than a continuation of an existing nonconforming use. The ZBA's determination was not irrational and is supported by evidence in the record (*cf. Matter of Scarsdale Shopping Ctr. Assoc., LLC v Board of Appeals on Zoning for City of New Rochelle*, 64 AD3d 604, 606 [2009]; *Matter of Borer v Vineberg*, 213 AD2d 828, 829-830 [1995]). Furthermore, the petitioner's contention that the respondents/defendants (hereinafter the respondents) are equitably estopped from prohibiting it from operating a maintenance garage and truck storage facility on the subject lot is without merit, as the evidence submitted by the petitioner did not establish that there were "exceptional circumstances" here involving wrongful or negligent conduct of a governmental subdivision, or misleading nonfeasance by that governmental subdivision (*see Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010]; *cf. Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985]).

There is no merit to the petitioner's contention that the ZBA's determination should be annulled because the respondents failed to produce certain information pertaining to the subject property in response to its request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). Pursuant to Public Officers Law § 89 (4) (a), a person denied access to information requested under FOIL must appeal the denial in writing to the head of the entity or other designated person within 30 days (*see Matter of Tinker St. Cinema v State of N.Y. Dept. of Transp.*, 254 AD2d 293, 294 [1998]). As the record does not establish that the petitioner appealed the denial in writing, the Supreme Court correctly determined that the petitioner failed to exhaust its administrative remedies and, thus, could not resort to a judicial forum to gain relief (*see Doe v Lake Grove Sch.*, 107 AD3d 841, 842-843 [2013]; *Matter of Jamison v Tesler*, 300 AD2d 194 [2002]; *Matter of McGriff v Bratton*, 293 AD2d 401 [2002]; *Matter of Newton v Police Dept. of City of N.Y.*, 183 AD2d 621, 623 [1992]; *Matter of Kurland v McLaughlin*, 122 AD2d 947 [1986]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding on the merits. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.