OPINION OF THE COURT
William B. Rebolini, J.
It is ordered that the motion by respondents/defendants R Squared Development LLC, R Squared INV HB LLC, and Canal Properties LLC for an order pursuant to CPLR 3211 (a) (3) dismissing the combined petition and complaint on the ground that the petitioners/plaintiffs lack standing is denied.
In this hybrid proceeding and action (hereinafter proceeding) for CPLR article 78, declaratory, and injunctive relief, the petitioners/plaintiffs (hereinafter petitioners) challenge the adoption of a local law by the Town Board of the Town of Southampton which rezoned three parcels of land located adjacent or close to the Shinnecock Canal. The petitioners allege, in part, that the local law should be deemed null and void because it is *876 inconsistent with the Town’s comprehensive plan and. because the Town Board failed to comply with the requisite provisions of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).
It appears from the combined petition and complaint, verified by Rita Knox, that on January 13, 2015, the Town Board adopted Local Law No. 1 of 2015, amending the Town’s zoning code by adding a new section 330-248 (V), which created the Canoe Place Inn, Canal and Eastern Properties Maritime Planned Development District; that the new law changed the zoning of the Canoe Place Inn, Canal and Eastern properties to permit the rehabilitation of the Canoe Place Inn for use as an inn, catering facility, and restaurant, as well as the development of both a 37-unit luxury waterfront townhouse community and a wastewater treatment facility to serve that community; and that as a result, the petitioners’ health, properties, and quality of life are seriously threatened.
As for the petitioners themselves, it appears that Shinnecock Neighbors is an unincorporated community group that was formed to oppose the subject zoning changes, to promote the historical role the Shinnecock Canal has played in the Hampton Bays area for the past 300 years, and to protect the canal’s environmental, social, and economic attributes. The individual petitioners are members of Shinnecock Neighbors, taxpayers, and owners of residential property in the Town of Southampton. Rita Knox, Antonina Garofalo, and Mary Elizabeth Woodburn are the owners of residential property located within 500 feet of the Eastern property, which is designated as the site for the wastewater treatment facility. Hope Sandrow is a professional artist and art activist whose work focuses on nature, open space, and the protection of wetlands; in the course of her work, she uses the Shinnecock Canal and requires access to it, and claims that the impact of the proposed development on her and on her work will be profound because it will eliminate a prominent source of inspiration for the creativity at the heart of her work.
The petitioners plead six causes of action in the combined petition and complaint: the first and second, for judgment declaring Local Law No. 1 to be null, void, and of no legal effect; the third and fourth, declaring the Town Board’s resolution adopting the January 12, 2015 findings statement approving the zoning change also to be null, void, and of no legal effect; the fifth, declaring Local Law No. 1 to be unlawful and *877 unenforceable; and the sixth, for injunctive relief relative to the development of the property. As their first cause of action, the petitioners allege that the Town Board violated Town Law § 272-a (11) by rezoning the property in a manner inconsistent with the Town’s comprehensive plan. As their second cause of action, they allege that the Town Board’s actions are unlawful because there is no reasonable relationship between the end sought to be achieved and the means used. As their third cause of action, they allege that the Town Board violated SEQRA’s requirement to take a hard look at all areas of environmental concern and to issue a reasoned elaboration for finding that there were no adverse impacts. As their fourth cause of action, they allege that because the SEQRA process was fatally flawed, any actions predicated on the draft environmental impact statement, final environmental impact statement, and findings statement are illegal. As their fifth cause of action, they allege that Local Law No. 1 is violative of New York’s constitutional prohibition against the making of a gift of public property to a person, corporation, or private undertaking. As their sixth cause of action, they seek preliminary and permanent injunc-tive relief enjoining any land clearing, grading, demolition, construction, or other work in furtherance of Local Law No. 1.
Now, R Squared Development LLC, R Squared INV HB LLC, and Canal Properties LLC — the developers — timely move, pre-answer, to dismiss the combined petition and complaint for lack of standing. It appears that the Town of Southampton and the Town Board of the Town of Southampton have jointly filed an answer and return, and that the action has been discontinued against the remaining respondents/defendants.
CPLR 7804 (f) provides that the respondent in an article 78 proceeding may, within the time allowed for answer, move to dismiss the petition based on an “objection in point of law,” which is akin to an affirmative defense (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:7). On a pre-answer motion to dismiss an article 78 petition, whether on standing grounds or otherwise, only the petition is to be considered and all of its allegations are deemed to be true (Matter of East End Resources, LLC v Town of Southold Planning Bd., 81 AD3d 947 [2011]; Matter of Long Is. Contractors’ Assn. v Town of Riverhead, 17 AD3d 590 [2005]; Matter of Massiello v Town Bd. of Town of Lake George, 257 AD2d 962 [1999]). If the motion is denied, “the court shall permit the respondent to answer” (CPLR 7804 [f]; see also *878 Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100 [1984]).
On a motion pursuant to CPLR 3211 (a) to dismiss a complaint for lack of standing,
“the burden is on the moving defendant to establish, prima facie, the plaintiff’s lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied . . . [and] the motion will be defeated if the plaintiff’s submissions raise a question of fact as to its standing” (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2015]).
“Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]). In land use matters, a party challenging governmental action has standing if it shows that it would suffer direct harm (i.e., injury-in-fact) that is in some way different from that of the public at large and, further, that the claimed harm is within the zone of interests protected by the statute or statutes alleged to have been violated (id.). As to the requirement of injury-in-fact, an allegation of close proximity alone may give rise to an inference of damage or injury that enables a nearby property owner to challenge a land use decision without proof of actual injury (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406 [1987]). “The harm that is alleged must be specific to the individuals who allege it, and must be different in kind or degree from the public at large, but it need not be unique” (Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 311 [2015] [citation and internal quotation marks omitted]). “Standing should be liberally construed so that land use disputes are settled on their own merits rather than by preclusive, restrictive standing rules” (Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653 [2007]).
For an organization to have standing, one or more of its members must have standing to sue, it must demonstrate that the interests it asserts are germane to its purpose, and it must be evident that neither the asserted claim nor the appropriate relief requires the participation of the individual members (Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330 [1984]).
*879 Here, accepting as true the facts as stated in the combined petition and complaint and in the petitioners’ supporting affidavits (see Matter of Schlemme v Planning Bd. of City of Poughkeepsie, 118 AD3d 893 [2014]; Matter of Green Harbour Homeowners’ Assn. v Town of Lake George Planning Bd., 1 AD3d 744 [2003]), the court finds the claims of Rita Knox, Antonina Garofalo, and Mary Elizabeth Woodburn sufficient to withstand dismissal. As it is alleged that each of them resides in close proximity to the proposed development, there arises a presumption that each will be adversely affected in a manner different from the public at large (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead). Additionally, their allegations that they will suffer increased traffic congestion and delays on already burdened roads, resulting in increased difficulty entering and exiting their neighborhood as well as increased noise and air pollution, and a degradation of the community resulting from the new wastewater treatment plant, together with the claimed lack of harmony with the Town’s comprehensive plan, are all concerns within the zone of interests protected by both the Town’s zoning laws and SEQRA (see Matter of McGrath v Town Bd. of Town of N. Greenbush, 254 AD2d 614 [1998], lv denied 93 NY2d 803 [1999]).
As to Hope Sandrow, the court is constrained to employ a different analysis but reaches the same conclusion. As it is alleged that she resides approximately one mile from the canal, she cannot avail herself of the presumption of injury-in-fact; rather, it must appear that she will suffer a direct injury which is in some way different from that of the public at large (see Society of Plastics Indus. v County of Suffolk). Based on her supporting affidavit, and upon review of the combined petition and complaint, it appears that, as a professional artist and art activist, she is an advocate for the environment in general and for the preservation of the Shinnecock Canal in particular, and uses and visits the canal as part of her life’s work; that protection of the environment is a predominant theme of her work; that the Shinnecock Canal has served as the subject of her work; that much of her work since the mid-1980s has referenced art history and reflected her concerns for preserving the environment on the East End; and that through her art and otherwise, she works to educate the public about why this area is so environmentally and aesthetically important and why the proposed development will destroy its natural and historic *880 beauty. Since it appears from those allegations that her use and enjoyment of the area is more intense than that of the general public and, therefore, that she may be directly harmed in a way different in kind and degree from others, the court finds them sufficient to withstand dismissal (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297 [2009]). Like claims of specific environmental injury, injury to a petitioner’s aesthetic and environmental well-being, activities, pastimes or desire to use and observe natural resources may also be found to state cognizable interests for purposes of standing (id.).
The court finds the claims of Shinnecock Neighbors likewise sufficient, given its stated purpose and that each of the individual petitioners is a member (see Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715 [2005]).
Accordingly, the motion is denied.