Dhar v City of New York (2022 NY Slip Op 02779)

Dhar v City of New York

2022 NY Slip Op 02779

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-07903
 (Index No. 7383/17)

[*1]Prabir Dhar, respondent, 
v
City of New York, et al., appellants, et al., defendants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Ellen Ravitch of counsel), for appellants.
Prabir Dhar, Elmhurst, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for constructive discharge and to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the defendants City of New York, Jyotish Shah, Bojidar Yanev, Radu Georgescu, Erica Caraway, and Thirugnanam Mohan appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), dated March 4, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for constructive discharge and to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York, Jyotish Shah, Bojidar Yanev, Radu Georgescu, Erica Caraway, and Thirugnanam Mohan which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for constructive discharge and to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) are granted.
The plaintiff was employed by the New York City Department of Transportation (hereinafter DOT) as an assistant civil engineer from 1997 until 2014, when he resigned. He commenced this action in 2017 alleging, inter alia, that he had been constructively discharged because he had reported other employees' misconduct, and that the City of New York had failed to respond to his request to disclose certain records pursuant to the Freedom of Information Law
(Public Officers Law art 6; hereinafter FOIL).
The defendants City of New York, Jyotish Shah, Bojidar Yanev, Radu Georgescu, Erica Caraway, and Thirugnanam Mohan (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated March 4, 2019, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the causes of action to recover damages for constructive discharge and to compel disclosure of certain records pursuant to FOIL. The defendants appeal.
Pursuant to Public Officers Law § 89(4)(a), a person denied access to requested information under FOIL must appeal the denial in writing to the head of the entity or other designated person within 30 days (see Matter of Maldonado v New York State Workers' Compensation Bd., 197 AD3d 566, 567; Matter of Bradhurst Site Constr. Corp. v Zoning Bd. of Appeals, Town of Mount Pleasant, 128 AD3d 817, 818). As the plaintiff did not submit an appeal [*2]within 30 days of the alleged denial, he failed to exhaust his administrative remedies and, thus, could not resort to a judicial forum to gain relief (see Matter of Maldonado v New York State Workers' Compensation Bd., 197 AD3d at 567; Matter of Bradhurst Site Constr. Corp. v Zoning Bd. of Appeals, Town of Mount Pleasant, 128 AD3d at 818; Doe v Lake Grove Sch., 107 AD3d 841, 842-843).
"An employee is constructively discharged when her or his employer, rather than discharging the plaintiff directly, deliberately created working conditions so intolerable that a reasonable person in the plaintiff's position would have felt compelled to resign" (Golston-Green v City of New York, 184 AD3d 24, 44; see Short v Deutsche Bank Sec., Inc., 79 AD3d 503, 504; Nelson v HSBC Bank USA, 41 AD3d 445, 447). Here, affording the complaint a liberal construction, accepting the facts as alleged to be true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87), the complaint fails to state a cause of action alleging constructive discharge, as the allegations are either vague and conclusory (see Murphy v Department of Educ. of City of N.Y., 155 AD3d 637, 640), or pertain to events that occurred after the plaintiff resigned.
The plaintiff's request for certain affirmative relief is not properly before this Court, since the plaintiff did not cross-appeal from the order appealed from (see Hecht v City of New York, 60 NY2d 57, 61-62; Yacono v United Mgt. Corp., 185 AD3d 985, 986; U.S. Bank, NA v Dickenson, 176 AD3d 891, 892).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for constructive discharge and to compel disclosure of certain records pursuant to FOIL.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court