Greco v Greco (2023 NY Slip Op 01665)

Greco v Greco

2023 NY Slip Op 01665

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-00793
 (Index No. 201553/10)

[*1]Robert Greco, respondent,
v
Susan Greco, appellant.

Susan Greco, Oyster Bay, NY, appellant pro se.
Esposito Partners, PLLC, New York, NY (Melissa Ringel of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment of divorce entered April 22, 2015, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated October 25, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating the judgment of divorce, as modified by a decision and order of this Court dated May 16, 2018.
ORDERED that the order dated October 25, 2019, is affirmed insofar as appealed from, with costs.
The parties were divorced by a judgment of divorce entered April 22, 2015. In a decision and order dated May 16, 2018 (hereinafter the May 2018 order), this Court modified the judgment of divorce by, among other things, adding thereto a provision "directing the plaintiff to pay the defendant's health insurance premiums until the earliest of such time as the defendant is eligible for Medicaid or Medicare, or she obtains health insurance through employment or remarriage or cohabitation" (Greco v Greco, 161 AD3d 952, 953). In June 2019, the defendant moved, inter alia, to hold the plaintiff in civil contempt, alleging that the plaintiff failed to comply with his obligation under the judgment of divorce, as modified by the May 2018 order, to pay the defendant's health insurance premiums. In an order dated October 25, 2019 (hereinafter the October 2019 order), the Supreme Court, among other things, denied that branch of the defendant's motion which was to hold the plaintiff in civil contempt. The defendant appeals.
"In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court's order . . . Finally, prejudice to the right of a party to the litigation must be demonstrated" (Massimi v Massimi, 56 AD3d 624, 624 [internal quotation marks omitted]; see Judiciary Law § 753[A]; Abizadeh v Abizadeh, 190 AD3d 797, 798). "The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence" (Abizadeh v Abizadeh, 190 AD3d at 798-799).
Contrary to the defendant's contention, the Supreme Court properly declined to find the plaintiff in contempt of the provision in the judgment of divorce, as modified by the May 2018 [*2]order, directing the plaintiff to pay the defendant's health insurance premiums. The defendant did not meet her burden of proving the defendant's alleged contempt by clear and convincing evidence (see Abizadeh v Abizadeh, 190 AD3d at 799; Matter of Kraemer v Strand-O'Shea, 66 AD3d 901, 901).
The plaintiff's request for certain affirmative relief is not properly before this Court, since he did not cross-appeal from the October 2019 order (see Dhar v City of New York, 204 AD3d 976, 977; Prand Corp. v Gardiner, 176 AD3d 1127, 1130).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court